[Hood *et al.* v. Southern Railway Co.]

# Hood *et al. v.* Southern Railway Co.

*Bill in Equity to enjoin Ejectment.*

1. *Injunction; railroad company can not enjoin ejectment for right of way which has not been paid for, without offering to compensate the owners.*—Where a right of way for a railroad has not been acquired by the railroad company, either by valid conveyance or under condemnation proceedings for such purpose, the railroad company can not maintain a bill to enjoin an action of ejectment brought against it by the owners of the land over which the road was constructed, without offering in the bill to do equity by paying compensation for the lands so used for a right of way; and this principle obtains although the owners of the land may have had knowledge of the location and construction of the railroad company's track across its lands, and allowed it to expend large sums of money for the purpose, without interference.

2. *Same; fact that some of the owners of the property had conveyed their interest immaterial.*—In such a case, the necessity for offering to do equity by the complainant railroad company is not removed by the fact that some of the owners may have subsequently sold their interest in the lands to persons unknown to the complainant; since the offer to make compensation should be made to the original owners of the land.

3. *Equity pleading; bill does not lie from interlocutory decree on motion to strike parts of the bill.*—An appeal does not lie from an interlocutory decree on a motion to strike parts of the bill, and the fact that the ruling on such motion is contained in an interlocutory decree on demurrer does not confer jurisdiction on the appellate court to review the rulings on the motion to strike.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellees, the Southern Railway Company, against the appellants, J. C. Hood, and others, on April 23, 1898. As amended the bill avers substantially the following facts: In 1887 the Rome & Decatur Railroad Company entered upon

the land in question, and built its road across a strip of land described in the bill; this strip of land being used by said company as its right of way and being 100 feet wide and 3,800 feet long. The plaintiff is the legal successor in interest of the Rome & Decatur Railroad Company. Since the Rome & Decatur Railroad was built the complainant and its predecessor in ownership have spent large sums of money "in improving repairing and keeping up said road bed and right of way, which was necessary for the performance of its business." The complainant is compelled to have the use of the strip of land in order to operate its railroad. From the completion of the road in 1887 the complainant and the companies under which it claims have constantly operated said railroad, transporting freight, passengers and the United States mail, and "during all of said time the respondent, though knowing of such operation and maintenance of said railroad over said lands and the constant expenditure of money on improvements and repairs on the same, by orators and those under whom it claims, yet has never protested against the same until the 4th day of November, 1896, when they brought an action of ejectment against orator for the recovery of said lands."

It was then averred in the bill as amended "that it is informed and believes and on such information and belief charges that before the filing of this bill some of the defendants parted with their interest in said lands to W. H. Hood or to some other person unknown to complainant and have no further interest in the same; that the names of the defendants so disposing of said interests are unknown to complainant; that complainant is ready and willing and here offers to pay to such of respondents as may be entitled thereto compensation for the lands taken and occupied by it as such right of way and for the injury done to the adjacent lands, such as they may be entitled to in equity and good conscience, but can not make such compensation without first knowing who may be entitled thereto."

As part of the paragraph of the bill from which the quotation just above made is taken, and to the end of knowing who might be entitled to compensation, the

complainant propounded several interrogatories to the respondents.

The prayer of the bill was that the action of ejectment brought by the respondents as averred in the bill, to recover the strip of land in question, should be enjoined, and that the respondents be decreed to be estopped from setting up any claim of title to said strip of land, and that the injunction be made perpetual.

To the bill as amended the respondents demurred upon the ground that the offer to do equity was insufficient and it did not contain a sufficient offer to make compensation. The defendants also moved the court to strike out the interrogatories contained in the bill as amended, upon the ground that they were impertinent, and were not warranted by any statement made in the bill.

Upon the submission of the cause upon the demurrer and the motion to strike the interrogatories, the chancellor overruled both the demurrer and the motion to strike the interrogatories. The respondents appeal, and separately assign as error that part of the decree overruling the demurrer and that part of the decree overruling the defendant's motion to strike the interrogatories from the bill.

DORTCH & MARTIN, for appellant, cited *S. & N. Ala. R. R. Co. v. A. G. S. R. R. Co.,* 102 Ala. 236; *Evans v. S. & W. R. Co.,* 90 Ala. 54; *Pique v. Arendale,* 71 Ala. 91; *Hendricks v. Kelly,* 64 Ala. 388; *Franklin v. Pollard. Mill Co.,* 88 Ala. 318.

BURNETT & CULLI, *contra.*

DOWDELL, J.—If the respondents owned the lands at the time of the taking by the Railroad Company, their right to compensation is not affected by a subsequent conveyance of their title in the lands to another.—*S. & N. Ala. R. R. Co. v. A. G. S. R. R. Co.,* 102 Ala. 236; *Evans v. S. & W. R'y Co.,* 90 Ala. 54.

To give the bill equity, the offer to make compensation for the lands taken by the Railroad Co. should

be full and complete and unconditional. The bill as amended, which was demurred to, did not do this, but coupled with the offer to make compensation a condition, and one that was wholly immaterial. The complainant is bound to know under the law, that the owners of the land at the time of the trespass are the ones entitled to compensation in damages, and the fact that some of the owners may have subsequently sold their interest in the lands to persons unknown to the complainant, furnishes no excuse for a failure to offer to make compensation to the original owners, since their vendees acquired no right to such compensation. The demurrer to the bill as amended should have been sustained.

The statute does not authorize an appeal from an interlocutory decree on a motion to strike parts of a bill, and the fact that the ruling on such is contained in an interlocutory decree on the demurrer, from which latter decree, the statute does authorize an appeal (Code, § 427), does not confer jurisdiction to review the ruling on the motion to strike. Such ruling may be reviewed only when assigned as error on appeal taken from the final decree in the cause.

The decree of the chancellor overruling the demurrer to the bill as amended will be reversed, and a decree here rendered sustaining the demurrer.

Reversed and rendered.