# Tombigbee Valley R. R. Co. *v.* Loper.

*Bill for Compensation and Consequential Damages.*

(Decided December 4, 1913.  63 South. 1006.)

1. *Eminent Domain; Remedy of Owner.*—Where a railroad com--
pany takes and appropriates land for its right of way without grant
or condemnation, whether with or without the owner's knowledge or·
acquiescence, the owner may maintain a bill in equity for damages,
and a decree therefor may be made effectual by injunction.

2. *Same; Damages; Allegation of Possession.*—A bill against a
railroad seeking damages for appropriating a strip of land across
complainant's tract without condemnation or lawfully acquiring it,
which alleges the construction of the railway thereon and that the
railroad has since possessed said right of way and operated said
railway, is not objectionable as contradictory in its allegation of
possession because it also alleges that as to the tract plaintiff has.
been in possession of it since obtaining a patent therefor.

APPEAL from Washington Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Edward B. Loper against the Tombigbee Val--
ley Railroad Company to assess damage for value of use-
and occupation, and to balance of land, and for an in--
junction, in case of nonpayment.  Decree for complain--
ant, and respondent appeals.  Affirmed.

The allegation as to ownership is as follows:  "Your·
orator is the owner of [lands described by government
subdivision] in Washington county, Ala., claiming to
own same, and that he has claimed to own the same and
been in possession of said land since the 19th day of

June, 1895, when he obtained the same by patent from the United States, a copy of which is attached, and that the above-described lands is a part of the homestead of your orator, and has been since it was patented by him, at which time he was a married man, and has been a married man since that time until practically two years ago."

TURNER, WILSON & TUCKER, for appellant. The bill does not contain either of the equitable grounds required.—*H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 24. Appellee has waived his right to have a court of equity intervene to prevent the appropriation of his property. —*Hendricks v. So. Ry. Co.,* 130 Ala. 205; *R. R. Co. v. Jones,* 68 Ala. 48; *S. & N. Ala. Ry. Co. v. A. G. S.,* 102 Ala. 236. The action being for damages merely appellee has a plain and adequate remedy at law.—*H. A. & B. Ry. Co. v. Bir. Union Ry. Co.,* 93 Ala. 505; s. c. 117 Ala. 511; *M. & M. Ry. Co. v. Ala. Mid.,* 116 Ala. 51; s. c. 123 Ala. 145; *Dennis v. M. & M. Ry. Co.,* 137 Ala. 647.

GRANADE & GRANADE, for appellee. The bill makes out a complete case for equitable cognizance.—Sec. 23, const. 1901; *So. Ry. Co. v. Hood,* 126 Ala. 312; *Cowan v. So. Ry.,* 118 Ala. 555; *Thornton v. Sheffield Co.,* 84 Ala. 109. The right of payment therefor accrues to the owner of the land at the time of the taking.—*M. & W. R. R. Co. v. Fowl R. L. Co.,* 153 Ala. 220. These authorities demonstrate that complainants are without legal remedy, and also demonstrates that injunctive relief will be granted to enforce a proper decree.

SOMERVILLE, J.—The bill of complaint, as amended, shows that complainant became the owner of a certain 40-acre tract of land in 1895, of which he has since been in possesion, and that in 1902 respondent's prede-

cessor and privy in interest built and operated its line of railway upon and across said land, appropriating therefor a strip 100 feet in width; and that neither said original taker nor respondent, who purchased and succeeded to its rights in 1904 and has since possessed said right of way and operated said railway, has ever condemned or lawfully acquired same from complainant nor compensated him therefor, though he has demanded compensation. The prayer of the bill is that complainant's compensation and consequential damage be ascertained and awarded to him, and that in default of its payment respondent be enjoined from operating its railway over said land until payment shall be made.

It is fully settled in this state that when land is taken and appropriated by a railroad company without grant or condemnation according to law, whether such taking is with or without the knowledge and acquiescence of the owner, the owner may maintain his bill in equity for the ascertainment and recovery of appropriate damages; and that the decree therefor may be made effectual by writ of injunction if necessary.—*Thornton v. S. & B. R. R. Co.*, 84 Ala. 109, 4 South. 197, 5 Am. St. Rep. 337; *Cowan v. Southern Ry. Co.*, 118 Ala. 554, 23 South. 754; *Southern Ry. Co. v. Hood*, 126 Ala. 312, 318, 28 South. 662, 85 Am. St. Rep. 32; *Birmingham Belt Ry. Co. v. Lockwood*, 150 Ala. 610, 617, 43 South. 819. This jurisdiction of courts of chancery is not founded merely on the inadequacy of legal remedies but primarily upon their power to protect the owner of land in the enjoyment of his constitutional rights in the premises. The only effect of the owner's acquiescence in such taking is to estop him from ousting the railroad company by ejectment if the latter is then willing to make just compensation.—*Southern Ry. Co. v. Hood*, 126 Ala. 312, 316, 28 South. 662, 85 Am. St. Rep. 32.

The objection to the bill that it is contradictory in its allegations of possession is too technical to be meritorious. What the bill clearly means and charges is that complainant has had possession of the tract of land described, except as qualified by the partial possession imputed to respondent.

The demurrer to the bill was properly overruled, and the decree of the chancellor will be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.