.HAYS et al. v. INGHAM–BURNETT LUM-
        BER CO.   (2 Div. 915.)

.Supreme Court of Alabama.   Jan. 12, 1928.

Rehearing Denied May 17, 1928.

.1. Eminent domain ⬤➾308—Decree awarding
    sum as just compensation should provide for
  . execution on failure to pay sum or issuance
    of writ of injunction. '

Court, in decreeing complainants were en-
'titled to specified sum as just compensation for
lands taken, should have further protected
complainants by giving them right to have ex-
'ecution issue on failure to pay sum awarded,
or by making decree effective by writ of in-
junction against continued use of land until pay-
ment was made.

2. Frauds, statute of ⬤➾119(1)—Owners of
    land; entitled under timber lease to super-
    structures not removed within stated time,
  . held not estopped by alleged oral executory
    promise from claiming such property.

Owners of land, granting timber lease with
'right to retain added superstructures on fail-
ure of lessee to move within stated time, held
,not, by oral executory promise of some of
owners, estopped from claiming title to such
property.

3. Frauds, statute of ⬤➾119(1)—Executory
 .' promise, void under statute of frauds, cannot
  . raise estoppel.

An executory promise or agreement, if void
under the statute of frauds, cannot raise an
estoppel; there being no consideration paid or
showing of bad faith or fraud.

.4. Evidence ⬤➾543(1)—Just compensation for
    taking of right of way of logging railroad was
    properly referred to experts having knowledge
    of facts.

Where there was no attempt to sell or buy
property or right of way of logging railroad,
.title to which had reverted to landowners, just
compensation as value for its taking was prop-
erly referred to opinion of qualified experts
with knowledge of the facts, or who were fully
and duly apprized thereof.   ' .

5. Eminent domain ⬤➾124—Just compensation
    for taking of logging railroad reverting to
    landowners on expiration of timber contract
    is to be ascertained from date of expiration
    of contract.   '

Where superstructures became property of
landowners under timber contract on expiration
of contract, compensation on taking of right
of way of logging railroad is to be ascertained
at and from date of expiration of contract.

.6. Eminent domain ⬤➾69—Right to compensa-
    tion for taking of right of way of logging rail-
    road held not defeated by making of neces-
    sary repairs by condemner.

Right of landowners to compensation for
taking of right of way of logging railroad, title
to which had reverted to landowners under tim-
ber contract, cannot be defeated because de-
fendants who had purchased rights of lessee

under the timber contract had replaced some of
the ties and made necessary repairs from time
to time.

7. Eminent domain ⬤➾148—On condemner's
    taking possession before acquiring property
    by legal condemnation, interest will be al-
    lowed from time of taking to time of trial.

Where railroad or other person with right
of condemnation of property for right of way
has taken possession before acquiring it by
condemnation by law, lawful interest or dam-
ages .in nature thereof will be allowed upon
amount of damages awarded as part of just
compensation from time of taking possession
to time of trial.

Appeal from Circuit Court, Greene Coun-
ty; Benjamin F. Elmore, Judge.

Bill in equity by Mary H. Hays and others
,against the Ingham-Burnett Lumber Com-
pany. From the decree, complainants ap-
peal. Reversed and remanded.

Foster, Rice & Foster, of Tuscaloosa, for
appellants.

Every element which, existing prior to the
taking, adds value to the land taken, must be
considered in awarding just compensation to
the owner. U. S. v. Goodloe, 204 Ala. 484, 86
So. 546; Brown v. Jefferson County, 211 Ala.
517, 101 So. 46; Orleans & J. R. Co. v. Jeffer-
son, etc., R. Co., 51 La. Ann. 1605, 26 So.' 278;
Amer. T. & T. Co. v. St. L. I. M. & S. R. Co.,
202 Mo. 656, 101 S. W. 576. The owner is en-
titled to the value of the land for its most
valuable use, present or reasonably to be an-
ticipated, by reason of its adaptability to any
special use. A. C. R. Co. v. Musgrove, 169
Ala. 424, 53 So. 1009; Sargent v. Merrimac,
124 Am. St. Rep. 536, note; Board of Trade v.
Darst, 85 Am. St. Rep. 297, note; Nor. Pac.
R. Co. v. Forbis, 15 Mont. 452, 39 P. 571, 48
Am. St. Rep. 692; Currie v. Waverly R. Co.,
19 Am. St. Rep. 452, note. Improvements on
the land taken, not made by the proprietor,
and taken, injured or destroyed, must be con-
sidered as an element of value in making up
the compensation to be awarded the owner.
R. C. S. R. Co. v. Anderson, 88 Ark. 129, 113
S. W. 1030, 16 Ann. Cas. 784; Lewis on Emi-
nent Domain (2d Ed.) § 488; In re New York,
198 N. Y. 84, 91 N. E. 278, 41 L. R. A. (N. S.)
411, 139 Am. St. Rep. 791; Cohen v. St. L. &
S. W. R. Co., 34 Kan. 158, 8 P. 138, 55 Am.
Rep. 242; Colusa County v. Hudson, 85 Cal.
633, 24 P. 791; Beale v. Boston, 166 Mass. 53,
43 N. E. 1029; Colorado R. Co. v. Brown, 15
Colo. 193, 25 P. 87; Covington R. Co. v. Piel,
87 Ky. 267, 8 S. W. 449, 10 Ky. Law Rep. 146;
.St. Louis v. St. L. I. M. & S. R. Co., 266 Mo.
694, 182 S. W. 750, L. R. A. 1916D, 713, Ann.
Cas. 1918B, 881. When the character of the
structures on the land is well adapted to
the character of the land on which they
are erected, the value of the buildings en-
hances the value of the land, and such en-

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

hanced value is the measure of the owner's just compensation. In re New York, supra. The owner is entitled to the value of the property taken at the time of the taking, with interest from the time of the taking. Winona R. Co. v. Waldron, 11 Minn. 515 (Gil. 392) 88 Am. Dec. 121. Breach of an executory agreement does not constitute an estoppel in pais, no fraud intervening, even though the party complaining, having acted on the promise, is injured by the breach. Clanton v. Scruggs, 95 Ala. 279, 10 So. 757; Weaver v. Bell, 87 Ala. 385, 6 So. 298; Jelks v. McRae, 25 Ala. 440. An agreement void under the statute of frauds cannot raise an estoppel. Hicks v. Swift Creek Coal Co., 133 Ala. 411, 31 So. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38; Thompson v. New South Coal Co., 135 Ala. 630, 34 So. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; White v. Levy, 93 Ala. 484, 9 So. 164; Allen v. Bromberg, 163 Ala. 620, 50 So. 884; Williams v. Morris, 95 U. S. 444, 24 L. Ed. 360. Complainants should have been given the right to have execution issued for the damages. Tombigbee Valley R. Co. v. Loper, 184 Ala. 343, 63 So. 1006; Highland Ave. & B. R. Co. v. Matthews, 99 Ala. 24, 10 So. 267, 14 L. R. A. 462; U. S. v. Lynah, 188 U. S. 445, 23 S. Ct. 349, 47 L. Ed. 539; Cohen v. Ft. S. & W. R. Co., 34 Kan. 158, 8 P. 138, 55 Am. Rep. 242.

R. B. Evins, of Birmingham, and E. F. Hildreth and J. F. Aldridge, both of Eutaw, for appellee.

Appellants are estopped from claiming the property which was placed on the lands by appellee or its predecessors in right or title. Wingo v. Hardy, 94 Ala. 184, 10 So. 659; Attalla M. & M. Co. v. Winchester, 102 Ala. 184, 14 So. 565; Root v. Johnson, 99 Ala. 90, 10 So. 293. The lease between appellants and Ray did not provide that the property placed on the lands by Ray or his assigns should become a part of the realty in event of a failure to remove within the time. Chalifoux v. Potter, 113 Ala. 415, 21 So. 322; Ray v. Young, 160 Iowa, 613, 142 N. W. 393, 46 L. R. A. (N. S.) 947, Ann. Cas. 1915D, 258. Appellants are not entitled to compensation except for the value of the land actually taken by the railroad right of way. Jones v. N. O. & S. R. Co., 70 Ala. 227; 20 C. J. 776.

THOMAS, J. The appellants, being the owners of land, entered into a contract on April 29, 1912, with Harry R. Ray for the sale of timber thereon, and a right of way for a railroad for the purpose of removing timber. Ray's rights expiring within 10 years from date of contract, he was given 6 months' additional time, or until October 29, 1922, in which to re-enter upon said lands and remove any and all personal property, machinery, buildings, structures, and improvements placed on the land, and failing in this, said improvements shall be considered fixtures and belong to the said grantors. As to this, the wording of the contract is:

" * * * Building, structures, and improvements placed or erected on said mill site shall be considered fixtures, and at the expiration of said period of 10 years shall belong absolutely to the said Charles Hays, Mary H. Hays, Anne M. Hays, and Ormond Hays, and the children of Charles Hays, but during the said period of 10 years the said Harry R. Ray shall have the right, power, and authority to repair and remodel the same at pleasure."

And it is further stipulated as to the railroad or right of way:

" * * * The rights, powers, authority, and privileges given under this item of this instrument shall terminate and be at an end at the expiration of 10 years next after the date hereof, and at the expiration of said period of 10 years the said Charles Hays, Mary H. Hays, Anne M. Hays, and Ormond Hays and the children of said Charles Hays, their executors, administrators, heirs, and assigns, shall have the right to re-enter and retake possession of said right of way; and all of the rights, title, and claim of the said Harry R. Ray, his executors, administrators, heirs, and assigns, in and to said right of way or to the possession or use thereof shall be divested at the end of said period of 10 years; provided, however, that the said Harry R. Ray, his executors, administrators, heirs, and assigns, shall have an additional period of 6 months next after the expiration of 10 years, during which they may re-enter and take up and move the said ties, rails, and other parts of said railroad or tramroad, but if such ties, rails, and other parts of said railroad or tramroad, or any part of the same, shall not be removed within said period of 10 years and 6 months next after the date hereof, then the same or such part or parts thereof as shall be allowed to remain upon said right of way shall, at the expiration of said 10 years and 6 months, become and be the absolute property of said Charles Hays, Mary H. Hays, Anne M. Hays, and Ormond Hays, and the children of the said Charles Hays, their executors, administrators, heirs, and assigns."

The parties have thus, within the law, expressly provided by their contract that, if the ties, rails, and other parts of the railroad are not removed within the 10 year and 6 month period from date of contract, said subject-matter should "be the absolute property" of complainants. Such was the contract that inured to Ray, his heirs, personal representatives, and assigns, and under which he entered upon the land. The railroad was constructed on the right of way in question and used in removing the timber while the same was being cut, from the land of grantors and lessors, and thereafter for removing other timber cut from the lands purchased from other owners for the period stipulated. There was a failure to remove the railroad prior to the expiration of the stipulated period expiring October 29, 1922.

The rails used on such railway were not

claimed under the contract for the sufficient reason that they were not the property of Ray, or his successors, but leased from a third party. In the estimation of the value of the railroad, the witness deducted the value of said rails in giving an opinion of the value or damages.

In the summer of 1922 the Ingham-Burnett Lumber Company purchased the rights of its predecessor, which was subject to the 10 year and 6 month limitation we have indicated, took possession of the right of way, and continued to operate the same railroad over and on complainant's land in the conduct of respondent's logging or lumbering business. In the fall of 1922 or 1923, that company took up the matter of acquiring the right of the further use of the railroad and right of way in pursuing its logging business on other lands, and its alleged negotiations to that desired end were with some of the joint owners, viz., Mary H. Hays, Anne M. Hays, and J. O. Hays.

The one disputed question of fact is the time of this first interview with said Mary, Anne, and J. O. Hays and the effect thereof. The witnesses Burnett and Grubbs fixed the time in the fall of 1922; and Mary H. Hays and Anne M. Hays testify that it was in the fall of 1923. Mr. McQueen corroborates them as being at the fall term of the circuit court in Greene county, and in 1923. The correspondence, made a part of his deposition, has a like tendency, and it is not to be supposed that the counsel would have so long delayed the preparation of the lease or conveyance.

The evidence of Grubbs and Burnett was to the effect that said appellants agreed to a further lease of the railroad for the period of 10 years, at $50 per year, that the contract was to be drawn by attorneys of the lessors, and for this purpose Grubbs and J. O. Hays sought and so requested Mr. McQueen when he was attending said circuit court. The evidence of the named appellants was that they only promised to examine the proposed contract, to then inform themselves as to the value of the rental of said property and determine whether they would enter into the lease sought by appellee. When the instrument was prepared by McQueen, the owners declined to execute the same, and there was a counter-proposition which appellee did not accept and took no further action to lease or condemn the lands, or, under the law, to provide for the further lawful use thereof. Such was the status when the bill was filed to ascertain just compensation, as may be provided by law, for the property taken and to enforce payment of that compensation for the use of the right of way and a railroad thereon, as the property of appellants. Respondent had the right of condemnation, and failed or declined to exercise the same (Code, § 7019), or to make just compensation for the lands taken, as it should have done (Const. § 235).

The evidence is not in conflict as to the value of the land taken for the right of way, viz., $389.46, with interest from October 29, 1922, or as for that, of the value of the railroad (exclusive of rails), it being fixed by the evidence of Finnell and Toxey, in the aggregate, at $6,881. The court granted relief for the value of the land, denied compensation for the railroad, and failed to give or indicate to appellants the process for the collection of the amount ascertained as just compensation to be paid by respondent.

The assignments of error are predicated on the part of the decree stated as follows:

"* * * It is ordered, adjudged, and decreed by the court that the complainants are not entitled to any damages to their adjoining lands, nor to the cost of construction of the railroad embankments, bridges, timbers, crossties, or any other property connected with said railroad, nor to the value of the rails on said right of way, but only compensation for the lands taken up by said right of way."

[1] We may observe that the court should have further protected the complainants by giving them the right to have execution issue for the damages awarded, after the expiration of 30 days, the time fixed for payment or the sum allowed as just compensation, or the decree should have been made effective by a writ of injunction against the further or continued use until the payment was made. Such effective process was necessary to compel the payment of the money judgment in favor of the landowners, and for the just compensation for the damages sustained. Such was the appropriate purpose and prayer of the bill or petition. Tombigbee R. R. Co. v. Loper, 184 Ala. 343, 63 So. 1006; Hargett v. Franklin Co., 212 Ala. 423, 103 So. 40; Highland, etc., Co. v. Matthews, 99 Ala. 24, 27, 10 So. 267, 14 L. R. A. 462; Cooper v. A. & A. R. R. Co., 85 Ala. 106, 4 So. 689; Code, § 7500; United States v. Lynah, 188 U. S. 445, 23 S. Ct. 349, 47 L. Ed. 539, 545, 550. This was overlooked by the trial court's decree, concluding, as it does, that:

"It is further ordered, adjudged, and decreed that the register of this court make written report at the expiration of said 30 days showing whether or not the said sum of money, with interest, has been paid in, in accordance with this decree."

[2] The doctrine of estoppel is invoked against appellants to claim for the property placed on the land by appellee's predecessors in right or title. And the case of Wingo v. Hardy, 94 Ala. 184, 10 So. 659, is authority for the statement of the rule that one cannot claim a *forfeiture* on account of the breach of a condition precedent, when he

caused the same, or knowingly aided in causing the failure to perform. Ivy v. Hood, 202 Ala. 121, 79 So. 587; Attalla, etc., Co. v. Winchester, 102 Ala. 184, 190, 14 So. 565. Such is not this case.

Burnett and Grubbs had a conversation with three of the six complainants as to a renewal of the lease. There were no payments for rental made or offered to be paid during the disputed time of the alleged delay in answer to respondent's proposition; no fraud is alleged or proved, or inequitable conduct of complainants shown. Burnett and Grubbs are positive that it was prior to the expiration of the lease; J. O. Hays does not appear to remember the time or date that he went with Grubbs to see McQueen, other than it was during the term of the circuit court. Miss Mary Hays and Miss Anne Hays testify positively that the conversation by them was after date of expiration, and they are corroborated in this by the testimony or reasonable inferences from the testimony of Mr. McQueen and the correspondence attached as exhibits. There is nothing in the record that could bind or estop the other complainants as to their lands or interests therein by the promise or executory agreement of other joint owners. And we are of opinion, and 'so hold, that the estoppel will not protect the respondent as to the property in question.

[3] The lease for 10 years gave ample time for the removal of the timber, and the margin of 6 months was ample for the removal of the property, and no doubt but that this was its purpose. It was not in contemplation of the parties to the contract that logging and milling operations on these and other lands be conducted continually and by the use of this property for the full period of 10 years and 6 months; it was not within the terms of that contract that an executory promise of some of the owners at or near the time of expiration of the lease avoids the statute of frauds. An executory promise or agreement, if void under the statute, cannot raise an estoppel, no consideration being paid, no element of bad faith or fraud being shown. Allen v. Bromberg, 163 Ala. 620, 50 So. 884; Thompson v. N. S. C. Co., 135 Ala. 630, 34 So. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; Hicks v. Swift Creek Co., 133 Ala. 411, 31 So. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38; Clanton v. Scruggs, 95 Ala. 279, 10 So. 757; White v. Levy, 93 Ala. 484, 9 So. 164.

[4] As there was no attempt to sell or buy the property or right of way as the roadbed in question, just compensation as value for its taking was referred to the opinion of qualified experts with a knowledge of the facts, or who were fully and duly apprized thereof. Burton & Sons v. May, 212 Ala. 435, 103 So. 46. This question does not seem to have been controverted by respondent at the trial, resting as it did on the nonliability (except for the value of the land actually taken by the right of way), for reasons stated, and that alleged to obtain under the rule of Jones v. N. O. & S. R. R. Co., 70 Ala. 227, and 20 C. J. 776, note 7. The rule announced in the Jones Case, where a public service corporation had taken and appropriated land in the construction of a road, in 1870, and had continued in the use thereof until about 1880, rests upon the fact that the property of the railway company, and not of the landowner, had been superadded or placed by defendant upon the land under circumstances making it a technical trespass in law, and the improvements gave the land its enhanced value. In the case before us the property composing the railroad (except rails and fish bars) was constructed or placed on the land by contract that defined the property rights of the parties bound thereby—before and after the expiration of the 10 year and 6 month limit. It was clear, specific, and free from ambiguity, and is the law of the property rights involved. The rule of the Jones Case cannot be given application or be made to intervene to the prejudice of the contract rights within the law of the grantors or lessors, the Hayses.

[5] When the superstructure was not removed within the contract time, it was complainants' property, and this time limit was October 29, 1922. It is at and from this date that the just compensation shall be ascertained and awarded on condemnation on the part of respondent, or in a proceeding in equity by complainants to ascertain and enforce payment of just compensation. If it be conceded that just compensation is to save harmless the owner and compensate him for the actual damage he has sustained, it must be ascertained at the time of the taking on and after October 29, 1922—the time of the entry and appropriation of the Hays land by respondent. On and after that time the ground support and superstructure of the railroad (except rails and iron connections) were the property of complainants.

This patent contract right of title and ownership differentiates this case from the other cases to the effect that, where a railroad company, without having acquired a right of way, enters upon land and constructs its road thereon, and afterwards proceeds to condemnation, the landowner is not entitled to have the value of the superadded structure or improvements placed on the land included in the damages. Cohen v. St. L., F. S. & W. R. Co., 34 Kan. 158, 8 P. 138, 55 Am. Rep. 242; L. N. O., etc., Co. v. Dickson, 63 Miss. 380, 56 Am. Rep. 809; Justice v. N. V. R. R. Co., 87 Pa. 28; Daniels v. C., I. & N. R. Co., 41 Iowa, 52; Lyon v. G. B. & M. R. Co., 42 Wis. 538; Greve v. First Div., etc., 26 Minn. 66, 1 N. W. 816.

These decisions rested upon the salient fact that though such person was a trespass-

er in constructing the road upon the land over which it had not in law acquired the right of way, but at the time of the appropriation it had the right of condemnation to acquire the right of way, and this was unaffected by the liability and thereafter changed value of the land, by reason of the trespass of the taking without having ascertained and paid just compensation. That is to say, in the determination of the just due compensation the trespass committed is not to be considered or involved. Such was the effect of Jones v. N. O. & S. R. R. Co., 70 Ala. 227.

[6] The complainants acquired their rights and title (subject to be defeated by removal per contract terms) by contract with Ray, the remote predecessor in title, who placed upon the land the railroad. Defendant or its immediate predecessor placed nothing on the land, except only in the nature of necessary or required repairs made from time to time. This fact would not justify respondent's claim to defeat the complaint—merely by the act of replacement of ties, etc., or a part thereof. The extraordinary power to take private property for purposes recognized by law is conditioned on the duty of making just compensation before or for the taking, and which is to be ascertained as of the time of the appropriation or the trespass.

In the Jones Case, supra, it is declared:

"The rights of each party, the law distinctly defines; and the remedies each must pursue, to secure and enforce their rights, are clearly prescribed. It was the right of the appellee to acquire the lands for the use of the road; a *public*, not a *private* use. Appropriate proceedings for its acquisition, if from any cause it could not be acquired by contract with the owner, the law prescribes. Just compensation for the land *at the time of its* taking, paid before or concurrently with its appropriation, was the right of the appellant. If there was an entry upon, and appropriation of the lands, without the consent of the owner, and without having the compensation ascertained, and making payment of it, there were remedies to which he could have resorted, protecting himself, regaining his possession, and compelling the ascertainment and payment of the compensation. If he is negligent—if he stands by in silence, suffering the wrongful entry, or continuance of possession under it, the construction of costly improvements, not necessary to the enjoyment of the freehold, inconvenient to his use and occupation, valuable to him only because he may dissever them, converting them again into personal property, and valuable only to the party making them for the uses to which they are dedicated—there is but little of equity in a claim that the measure of his compensation shall be increased by the value of the improvements, or that the *time* at which such compensation is to be estimated shall be varied."

[7] Since the case has to be reversed, we make further observation that where a railroad company or such person who has the right of condemnation to acquire the actual possession of the real property of another for a right of way, has taken that possession before acquiring the same by condemnation under the law, and has continued in such possession, lawful interest, or damages in the nature thereof, will be allowed upon the amount of damages as a part of the just compensation from the time of the taking possession to the time of the trial. Hartshorn v. B. C. R. & N. R. R. Co., 52 Iowa, 613, 3 N. W. 648; Sioux City R. Co. v. Brown, 13 Neb. 317, 14 N. W. 407; Old Colony R. Co. v. Miller, 125 Mass. 1, 28 Am. Rep. 194; Bangor, etc., Co. v. McComb, 60 Me. 291; Cohen v. St. L., etc., Co., 34 Kan. 158, 8 P. 138, 55 Am. Rep. 242; 1 Sutherland on Damages, 604; 3 Sutherland on Damages, 465 et seq.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and BROWN, JJ., concur.