(126 So. 855)

## SOUTHERN RY. CO. v. CLARK.

### 8 Div. 163.

Supreme Court of Alabama.

March 13, 1930.

A. H. Carmichael, of Tuscumbia, for appellant.

Andrews, Peach & Almon, of Sheffield, for appellee.

THOMAS, J.

An action of ejectment was enjoined by complainant, the parties agreeing there was the right of injunction, condemnation of the land for railroad purposes, and the ascertainment of the damages.

In the year 1921 the Southern Railway Company took a strip of respondent's land for the purpose of its facilitated operation of its trains or signal services thereto. The land was adjacent to its tracks and subject to condemnation. The pleading employed was that recognized by this court. Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689.

The register ascertained the reasonable value of the land taken as of the time of its occupation by complainant, and computed interest thereon, which report was confirmed by the court. This action of the trial court is supported by Jones v. N. O. & S. R. Co., 70 Ala. 227; United States v. Goodloe, 204 Ala. 484, 86 So. 546; Southern Railway Co. v. Cowan, 129 Ala. 577, 29 So. 985. In Hays v. Ingham-Burnett Lumber Co., supra, it is observed (217 Ala. 528, 11o So. 689, 693):

" * * * Where a railroad company or such person who has the right of condemnation to acquire the actual possession of the real property of another for a right of way, has taken that possession before acquiring the same by condemnation under the law, and has continued in such possession, lawful interest, or damages in the nature thereof, will be allowed upon the amount of damages as a part of the just compensation from the time of the taking possession to the time of the trial."

The finding of the register of the facts adduced on oral examination of a witness has the effect of the verdict of the jury. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Bidwell v. Johnson et al., 195 Ala. 547, 70 So. 685, and reasonable doubt as to the correctness of the finding will be resolved in support thereof. Mabry v. Ray, 208 Ala. 615,

95 So. 6; Grand Bay Lumber Co. v. Simpson, 207 Ala. 303, 92 So. 789; Porter v. Henderson, 204 Ala. 564, 86 So. 531; Clifford v. Montgomery, 202 Ala. 609, 81 So. 551; Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co. et al., 199 Ala. 391, 74 So. 441; Andrews v. Grey, 199 Ala. 152, 74 So. 62. And under the rule of these cases and that of Central of Georgia Railway Company v. White, 175 Ala. 60, 62, 63, 56 So. 574, the finding of the register was not excessive. Under the rules that obtain as to such finding, and its confirmation by the trial court, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.