153 So. 256

## MIDDLETON v. ST. LOUIS & S. F. R. CO.
### 1 Div. 775.

Supreme Court of Alabama.
Jan. 18, 1934.

Rehearing Denied March 22, 1934.

H. H. McClelland, of Talladega Springs, for appellant.

324

C. L. Hybart, of Monroeville, for appellee.

THOMAS, Justice.

■ The assignment of errors is sufficiently definite as to present for review the rulings on demurrers to the bill as filed and as finally amended. It is not within the announcement contained in Williams v. Coosa Manufacturing Co., 138 Ala. 673, 33 So. 1015; Craig & Co. v. Pierson Lumber Co., 169 Ala. 548, 53 So. 803; Howell v. Smith, 206 Ala. 646, 91 So. 496; Hale v. Cox, 222 Ala. 136, 131 So. 233.

■ It is established that "private property shall not be taken for, or applied to public use, unless just compensation be first made therefor" to the owner. Sections 23, 235, Constitution. It is the intention that compensation be made before or at the time of the taking unless payment is waived. New Orleans & Selma Railroad Co., etc., v. Jones, 68 Ala. 48; Jones v. New Orleans & Selma

Railroad Co., etc., 70 Ala. 227; Montgomery So. Railway Co. v. Sayre, 72 Ala. 443; City Council of Montgomery v. Townsend, 80 Ala. 489, 2 So. 155, 60 Am. Rep. 112; Faust v. Mayor and Aldermen of Huntsville, 83 Ala. 279, 3 So. 771; Postal Telegraph Cable Co. v. Ala. Great Southern Railroad Co., 92 Ala. 331, 9 So. 555; Highland Avenue & Belt Railroad Co. v. Matthews et al., 99 Ala. 24, 10 So. 267, 14 L. R. A. 462; Birmingham Traction Co. v. Birmingham Railway & Electric Co., 119 Ala. 129, 24 So. 368; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A. L. R. 776.

■ And the later cases are to the effect that, where the taking of private property was for a public use and so used by a public service corporation or one having the right of condemnation, and compensation therefor had not been first fixed by contract, or paid, the damages suffered by the owner of land so taken may be ascertained in a proper proceeding and the payment enforced in equity. Hays et al. v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689; Jones v. New Orleans & Selma Railroad Co., etc., supra; Southern Ry. Co. v. Clark, 220 Ala. 555, 126 So. 855.

In Hays et al. v. Ingham-Burnett Lumber Co., 217 Ala. 524, 528, 116 So. 689, 693, where "just compensation" was declared by way of measure of damages for land taken without condemnation and appropriated to that use for which it may have been condemned, and where the rule of the Jones Case, supra, was followed, it was said:

"'It was the right of the appellee to acquire the lands for the use of the road; a public, not a private use. Appropriate proceedings for its acquisition, if from any cause it could not be acquired by contract with the owner, the law prescribes. Just compensation for the land at the time of its taking, paid before or concurrently with its appropriation, was the right of the appellant. If there was an entry upon, and appropriation of the lands, without the consent of the owner, and without having the compensation ascertained, and making payment of it, there were remedies to which he could have resorted, protecting himself, regaining his possession, and compelling the ascertainment and payment of the compensation. If he is negligent—if he stands by in silence, suffering the wrongful entry, or continuance of possession under it, the construction of costly improvements, not necessary to the enjoyment of the freehold, inconvenient to his use and occupation, valuable to him only because he

may dissever them, converting them again into personal property, and valuable only to the party making them for the uses to which they are dedicated—there is but little of equity in a claim that the measure of his compensation shall be increased by the value of the improvements, or that the time at which such compensation is to be estimated shall be varied.'

" * * * That where a railroad company or such person who has the right of condemnation to acquire the actual possession of the real property of another for a right of way, has taken that possession before acquiring the same by condemnation under the law, and has continued in such possession, lawful interest or damages in the nature thereof, will be allowed upon the amount of damages as a part of the just compensation from the time of the taking possession to the time of the trial."

And in Rudder v. Limestone County, 220 Ala. 485, 487, 489, 125 So. 670, 68 A. L. R. 776, the question of "just compensation" under sections 23, 235, of the Constitution of 1901, General Acts 1927, pp. 492, 493, and the Constitution of the United States, Amendment 5, was duly considered. Mobile, Jackson & Kansas City Railroad Co. v. Riley, 119 Ala. 260, 24 So. 858; Southern Ry. Co. v. Clark, 220 Ala. 555, 126 So. 855; Birmingham-Trussville Iron Co. v. Allied Engineers, Inc., 225 Ala. 522, 526, 144 So. 1.

The bill was made the subject of several material amendments to which demurrers were sustained and these rulings assigned as error. The contract containing the covenant running with the land is exhibited and made a part of the amended bill. Patterson v. Atlantic Coast Line R. Co., 202 Ala. 583, 81 So. 85.

It is averred that complainant was the owner of the land described; that the Gulf, Florida & Alabama Railroad Company laid its tracks thereupon under agreement of compensation indicated; that there was a failure of compliance with the contract stipulations; that it filed its bill against complainant in which it formally elected not to comply; that "Complainant avers that later the Gulf, Florida and Alabama Railroad Company, in the year, to-wit, 1917, filed its bill of complaint against complainant in which it formally elected its right not to build a depot as provided for in said agreement with complainant, and asked and stated its desire to retain said strip of land as a right of way and asked that complainant's damages be ascertained under the laws of Alabama. Complainant avers that this bill is still pending; * * * that soon thereafter the said Gulf, Florida and Alabama Railroad Company went into the hands of a receiver, under proceedings pending in the United States District Court for the Western District of Florida, and complainant has never been paid for said right of way, as provided by the laws of Alabama. Complainant avers that he continued to treat with the attorneys representing the receiver and its successors, and said equity proceedings were continued, pending a time when the financial affairs of each respective successor could be adjusted that funds would be available to pay complainant for his property." The bill further avers that "Complainant alleges that he is the owner of said land and he seeks the recovery thereof. That the predecessor in possession of said strip of land, namely Gulf, Florida and Alabama Railroad Company, through whom said possession defendant claims was a permissive possession subject to the right of complainant. And complainant says that in order for the ownership of said strip of land to accrue to said Gulf, Florida and Alabama Railroad Company or its successors it was necessary for the terms of said contract to be fulfilled, that is a depot built as stipulated; and complainant says that it was the duty of the said railroad company to build said depot not only with respect to its actual construction, but also the duty rested upon it to procure authority so to do, if any therefor was required, from the necessary government official, and failing therein so to do, the right to such possession reverted to complainant."

The bill filed by the Gulf, Florida & Alabama Railroad Company is exhibited as a part of the fourth paragraph to the bill as amended. In that bill is the averment, that "Your orator further shows unto your Honor, that, while it considers its title to the right of way over and across respondent's lands hereinabove described is good, yet your orator has not paid said respondent for the use of said right of way, and now avers that it is willing and ready to pay said respondent for its right of way, or easement, actually appropriated and used by it, in accordance with the laws made and provided by the State of Alabama as to the basis for determining the damages due said respondent for the lands so appropriated and used, when the amount thus due respondent has been determined by this Honorable Court. To the end, therefore, that justice may be done and had by and between the parties thereto, your orator prays this Honorable Court as follows."

Complainant here is made a respondent, and the prayer was: "That upon a hearing of this cause the court will order the Register in Chancery to hold a reference for the purpose of ascertaining the amount due the said respondent by your orator as damages for the appropriation and use of the lands described in the body of this complaint as a right of way for railroad, fixing the basis for determining the value thereof; that upon a final hearing of this cause your honor will decree the amount fixed to be due the said respondent for said right of way, and fix a reasonable time within which your orator will have the privilege of paying the same; and further, decreeing that upon the payment of said amount into this honorable court, for the use and benefit of said respondent, your orator will have performed every obligation owing to said respondent under and by virtue of the condition of the said conveyance from respondent to your orator, a copy of which is marked 'Exhibit A' and made a part of this bill of complaint, and by reason of the appropriation of the said right of way across the lands of respondent, as particularly described and set out in the third paragraph of this bill of complaint."

The amended bill discloses the pendency of the suit for compensation theretofore filed by the Gulf, Florida & Alabama Railroad Company; that it had not been disposed of before the instant suit was filed against the St. Louis & San Francisco Railroad Company by complainant. Although nowhere shown that the latter company was a successor in title to the right or interest conveyed by complainant in the contract exhibited, it is averred that it is held by defendant by permissive possession, subject to the right of complainant.

It is alleged that there was failure on the part of the railroad company to comply with contract provisions as to building the depot and payment of just compensation agreed upon for taking and holding of the possession of the land; that thereafter, in 1916, the grantor filed suit in ejectment for the recovery of the land; that the railroad company "filed a motion in said Circuit Court in said action of ejectment asking that said action be transferred from the law side of said Court to the equity side for the purpose of ascertaining the value of a right of way," and for compensation for complainant; that the order of transfer was duly made; and that thereafter the railroad company filed its bill of complaint against complainant electing not to comply with its agreement for

compensation stated, or to build the depot, and asked to have in that court the "damages ascertained under the laws of Alabama." It is averred that "this bill is still pending," that there was a receivership, under proceedings still pending in the United States District Court for the Western District of Florida, and that the predecessor in contract right and possession of said strip of land has passed to defendant a permissive possession, subject to the right of complainant.

██ It will be remembered that the complainant was seeking by this, and his suit first filed, to enforce a constitutional right to just compensation for the property, subject to condemnation, taken and in use by a public service corporation under contract rights for an agreed compensation which was denied or not paid. As to the averments of pendency of the suit for a receivership in the United States District Court in the state of Florida, the general rule prevails that a mere pendency of such suit would not prevent the further prosecution of this suit in the state court. It is also a general rule that, whenever a legal right arises and the state court (within its prescribed venue) has the jurisdiction to proceed and administer justice, that right may be asserted and maintained in the state court, although the federal court may have jurisdiction of the same question "subject to the proviso that there is no law limiting jurisdiction to the Federal court." Claflin v. Houseman, Assignee, 93 U. S. 130, 136, 23 L. Ed. 833; Teal v. Felton, 12 How. 284, 13 L. Ed. 990; Louisville & N. R. Co. v. State, 16 Ala. App. 199, 76 So. 505; Raisler v. Oliver & Co., 97 Ala. 710, 12 So. 238, 38 Am. St. Rep. 213; 15 C. J. page 1175, et seq., §§ 634–647, 650, 653, 654, 655; 11 Cyc. 996; 6 Alabama & Southern Digest, "Courts," ☞489(1).

What, then, of the averred pendency of the ejectment suit in the state court by this complainant, which was transferred to the equity docket of that court on motion of the defendant in ejectment, the filing of a bill therein by respondent in the suit for ejectment against the defendant's predecessor in title, interest, or permissive possession, and shown by this pleading to be still pending? The right of procedure in this suit is challenged by demurrer.

██ The present suit is against the immediate successor in title, St. Louis & San Francisco Railroad Company, and not the original grantee of Middleton, Gulf, Florida & Alabama Railroad Company. That on final hearing the suits by Middleton and the Gulf,

Florida & Alabama Railroad Company may and should, by due order of the state court, be consolidated and the rights and equities of the parties settled in one decree, presents no bar to maintaining this suit, as challenged by the demurrer (Lanier v. Henderson [Ala. Sup.] 149 So. 674 [1]), when this bill shows a failure on the part of the Gulf, Florida & Alabama Railroad Company to press its suit to decree and fixation of damages as just compensation in lieu of condemnation and the passing of the possession to respondent here. This complainant has been and is now within his constitutional and statutory rights to maintain his bill in the jurisdiction and venue of the court where condemnation might have been effected, and where the land is situated, and against the party in possession. Section 235, Constitution; section 7018, Code, Acts 1909 (Sp. Sess.) p. 62, section 3484, Code of 1907; Commissioners' Court of Talladega v. Thompson, 18 Ala. 694; Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689; Jones v. New Orleans & Selma Railroad Co., etc., 70 Ala. 227.

██ This bill does not show upon its face that this suit is barred by the statute of limitations or by the rule of prescription, on the contrary, that the predecessor in title has admitted by its own pleading the right and existence of the claim and asks its enforcement. The suits were duly filed after the expiration of the four-year contract time, and are averred to be still pending, which suspended the running of the statute from expiration of the period of the breach (Hays v. Ingham-Burnett Lumber Co., supra), and that defendant or his immediate predecessor is estopped to deny the continuance of complainant's right of action for just compensation (Ivy v. Hood, 202 Ala. 121, 79 So. 587; Cobbs v. Norville et al., 227 Ala. 621, 151 So. 576).

██ The bill exhibited and alleged to be filed by the Gulf, Florida & Alabama Railroad Company, with the conveyance and covenant exhibited, was not, or is not now shown to have been, beyond the bar of the statute, is averred to be still pending against this complainant, covering the same subject-matter, with a like prayer, and affecting its immediate grantor taking its right pending the suit; and the taking and user without just compensation by the respondent constituted this cause of action.

It is true that the averments of this bill do not show the date when the possession of these lands passed from the Gulf, Florida & Alabama Railroad Company to the St. Louis & San Francisco Railroad Company, defendant in the instant suit. However, it is specifically averred that this was accomplished when the former suits exhibited and adverted to were and are still pending, and that just compensation has not been paid by either the Gulf, Florida & Alabama Railroad Company or the St. Louis & San Francisco Railroad Company. This successor in title or "possessive possession" is bound by the same contract rights, admissions in pleading and estoppel, and by its act of use without compensation pertaining and obtaining thereto. It is likewise bound and affected as was its grantor or landlord in passing the title or possession of these lands (Alabama Water Co. v. City of Anniston (Ala. Sup.) 151 So. 457; [2] Cobbs v. Norville et al., supra; Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689) pending its suit to fix the damages under the Constitution.

We are of opinion and hold there was error in sustaining demurrer to this bill and in bringing in the third party in interest and in possession by permission of the Gulf, Florida & Alabama Railroad Company that has pending its suit to fix just compensation to be paid to the grantor, this complainant-appellant.

The decree of the lower court is reversed, and the cause is remanded. The trial court will require consolidation of said pending suits in that court to like purpose, that the final decree rendered will bind all the parties at interest in the subject-matter and just compensation to be fixed and paid.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

---

[1] 227 Ala. 243.

[2] 227 Ala. 579.