193 So. 122

### FOLMAR v. BRANTLEY et al.

#### 4 Div. 107.

Supreme Court of Alabama.

Dec. 21, 1939.

Rehearing Denied Jan. 25, 1940.

Carmichael & Crenshaw, of Montgomery, and O. W. Brantley, of Troy, for appellant.

684

Wilkerson & Brannen, of Troy, for appellees.

THOMAS, Justice.

■ The appeal challenged the action of the trial court in sustaining demurrer to the petition for mandamus directed to named county officials. The court sustained grounds as to laches and the ground to the effect that petitioners and predecessors in title had an adequate remedy at law. There were other grounds of demurrer, and if one ground was sufficient, this would support the ruling of the trial court. Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

■ The statutes of Alabama relating to the exercise of the right of eminent domain by a county place a ministerial duty upon the county governing body to institute such proceedings. Section 7476 of the Code of 1923, provides as follows: "The State of Alabama, or any county, municipality, the university of Alabama, the Alabama polytechnic institute, the Alabama college, or corporation organized under the laws of this state, or any person, or association of persons, proposing to take lands, or to acquire an interest or easement therein, for any uses for which private property may be taken, may, if there be no other mode of proceeding prescribed by law, apply to the court of probate of the county in which such lands, or a material portion thereof, may be situate, for an order of condemnation thereof to such uses. The state may institute and maintain the proceedings herein authorized, in its own name, without giving bond or security or causing affidavit to be made, though the same may be required if the action were between private citizens. The written direction of the governor to the attorney of record is a sufficient authority for bringing the suit."

Is there other mode of proceeding applicable here and available to petitioners? Under the Constitution, § 23, it is provided that private property shall not be taken for public use unless just compensation be first made therefor. Since the statutory proceedings which can be instituted are those provided by Section 7476, et seq., and since those proceedings are a condition precedent, it is insisted that such proceedings can only be filed by the county governing body; and that this is a ministerial duty resting on the county governing body to institute such proceedings before land is taken for the purpose of a highway. This procedure by the county was approved by this court in the case of Stout v. Limestone County, 211 Ala. 227, 100 So. 352.

There are many authorities to the effect that there is a "wide difference" in the rule to be applied when a private corporation takes private property for a right-of-way and when property is taken by the state, county or city governmental agency. In the latter, the right may be waived. 8 Am. & Eng.Ann.Cas. p. 855. These cases apply when property is taken for a public use. See Oklahoma City v. Wells, 185 Okl. 369, 91 P.2d 1077, 123 A.L.R. 662.

To the same effect is the case of New Orleans & Selma Railroad Co. v. Jones, 68 Ala. 48. This case involved a right-of-way for a railroad, but the applicable statute was the same. The court there said: "Neither the general law, nor the charter of the

company, authorized any proceeding on the part of any one, except the company, to condemn the land and have a jury to award an assessment of damages as a compensation. —Code of 1876, § 3580 et seq.; Acts of 1856–66, pp. 236, 239, §§ 11–12."

▮▮▮ Certainly under the statutes, and particularly as construed by this court, the owner of land over which a right-of-way is sought had no statutory procedure for instituting condemnation proceedings. The statute provides for a method of ascertaining the damages for land so taken by the county (Code of 1923, § 7478 et seq.), but this statutory method of ascertaining the damages can only be called into play by the action of the county governing body in filing the petition for condemnation with the Probate Court. Until those damages were ascertained as provided by statute, they could not be presented as verified claims. However, it is held that the statute requiring presentation of claims does not apply where such laws in express terms or by necessary implication provide for different modes of dealing with such claims. State ex rel. City of Mobile v. Board of Revenue & Road Com'rs of Mobile County, 180 Ala. 514, 519, 61 So. 814; Dale County v. Gunter, 46 Ala. 118, 134; Commissioners' Court of Limestone County v. Rather, 48 Ala. 433.

▮▮▮ Under the decisions of this court, the petitioners and "immediate" predecessors in title at all times had the right to have had damages determined and compelled in the settlement by due procedure by them in a court of equity (Middleton v. St. Louis & S. F. R. Co., 228 Ala. 323, 153 So. 256; Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 116 So. 689; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776; New Orleans & S. R. Co. v. Jones, 68 Ala. 48), or probably by mandamus. 20 Corpus Juris 1159.

▮▮▮ This being the rule of the law and the averred fact of the taking and entry being in 1925, the conveyance from W. B. Folmar in 1930 to Helen Folmar, now deceased (the immediate predecessor in title), the succession or change in succession of county officers rendered difficult or impossible the determination of the exact terms of the agreement as to the county's possession and use of the right-of-way in question. These facts support the action of the trial court in sustaining the fourth and fifth grounds of demurrer.

▮▮ This is in accord with the rule that if there is a doubt of the necessity or propriety, mandamus will not lie. Many authorities are collected in State ex rel. Brickman v. Wilson, 123 Ala. 259, 266, 281 and 282, 26 So. 482, 45 L.R.A. 772. It is essential that the relator have a clear legal right to the thing demanded of the respondent, and it must be the imperative duty of such respondent to perform the act required by the application for the writ. Cloe, Com'r, etc. v. State ex rel. Hale, 209 Ala. 544, 96 So. 704.

▮▮▮ The petition in this case was subject to demurrer for failure to show that petitioner acquired whatever claim W. B. Folmar might have had in 1925 for damages for the land alleged to have been taken. The only allegations in the petition tending to show petitioner's right as to such damages are that at the time of the appropriation of a right-of-way in 1925, W. B. Folmar owned the land, that the same passed to petitioner's predecessor in title Helen H. Folmar, by virtue of a deed from W. B. Folmar, with which she "became vested with all the right, title and interest of W. B. Folmar in and about the premises;" and that petitioner "is now vested with all the right, title and interest of W. B. Folmar in and about the premises, * * *." On demurrer such allegations will be construed to refer to the title to the quarter-section of land itself, formerly alleged to have been owned by W. B. Folmar, and will not be construed to apply to any claim for damages. The last portion of said section, to-wit, "(petitioner) stands in the shoes of aforesaid parties as regards all rights to compensation for the said land taken" is the only averment that can be claimed to allege petitioner acquired title to the claim for damages. Good pleading would require that a copy of such assignment be attached as an exhibit to the petition or the legal effect of such instrument should have been clearly alleged. Petitioner may or may not stand in the shoes of his predecessors in title. This defect of the petition is pointed out by several grounds of demurrer. The lower court's decree can be well sustained on such grounds of demurrer. (Parenthesis supplied.) 63 Corpus Juris 929.

▮▮▮ We have indicated that the lower court particularly sustained the fourth and fifth grounds of demurrer, setting up laches. Mandamus, being an extraordinary remedy, never issues as a mat-

ter of right, but only in the sound discretion of the court. All of the authorities hold that the court may deny an application for mandamus, in the exercise of its discretion, after an unreasonable delay. To avoid the application of the doctrine of laches, petitioner has the burden to show an excuse for such delay. In some instances such delay is excused on account of litigation between the parties. In this case, however, not only does petitioner fail to show any excuse for delay of fourteen years to apply for mandamus, but also alleges that shortly after the land was taken, its owner, W. B. Folmar, filed a claim with appellees for just compensation, and continually, until he conveyed to Helen H. Folmar in 1930, asked appellees for payment. No reason is given for his failure to apply for mandamus or to resort to a court of equity during that five year period. The petition further avers that Helen H. Folmar petitioned appellees in 1932 for compensation, but gives no reason why she failed to apply for mandamus or resort to a court of equity between the time she bought the land, March 11, 1930, until 1932. The petition avers the death of Helen H. Folmar, that petitioner is now vested with all her right, etc., but does not aver when Helen H. Folmar died or when petitioner became vested with her right. No excuse is offered for failure to act from 1930 to April 22, 1939, when this application was filed.

When mandamus is prayed the underlying reason for the application of the doctrine of laches is well stated by Judge Pelham in Banks v. Mobley, 4 Ala.App. 510–513, 58 So. 745, 746, as follows: " * * * and where the relator has slept upon his rights for an unreasonable length of time, and the legal right is doubtful because of the application of the doctrine of laches, the facts having become obscured and the performance of the act required necessitating the determination of disputed questions, the court may properly exercise a discretion in refusing the application, taking into consideration the statute of limitations in analogous civil actions."

We are of opinion and hold that the action of the trial court was without error, and its judgment is, therefore, affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN, J., concur in opinion and judgment.

BROWN, J., concurs in result.

On Rehearing.

Rehearing denied.

BROWN, J., concurs in result, being of opinion that the right of action for damages for the taking accrued to W. B. Folmar at the time of the taking and did not pass with the title to his grantee. Birmingham Belt Ry. Co. v. Lockwood, 150 Ala. 610, 43 So. 819; Mobile & Western Railway Co. et al. v. Fowl River Lumber Co., 152 Ala. 320, 44 So. 471; Evans v. Savannah & Western Railway Co., 90 Ala. 54, 7 So. 758; Hood et al. v. Southern Railway Co., 133 Ala. 374, 31 So. 937.

BOULDIN, J., concurs in the foregoing, and also is of opinion that the proceeding is barred by laches.