123 So.2d 107

**STATE of Alabama**

v.

**H. M. JONES et ux.**

**7 Div. 469.**

Supreme Court of Alabama.

Sept. 15, 1960.

MacDonald Gallion, Atty. Gen., and Geo. C. Hawkins, Sp. Asst. Atty. Gen., for appellant.

Wm. C. Daniel, Anniston, for appellees.

GOODWYN, Justice.

This is a highway condemnation proceeding initiated by the State in the probate court of Calhoun County. From that court the State appealed to the circuit court where a jury trial was had: The parties there agreed that the only disputed issue

was the amount to be awarded the property owners as just compensation for the property being taken. The jury made a finding on March 24, 1959, fixing the owners' compensation and damages at $5,750. On the same day, the trial court entered a purported judgment that the owners "have and recover of the State of Alabama, petitioner, the sum of $5,750."

On June 2, 1959, the owners filed in the circuit court an "application for disbursement", reciting therein that the sum of $6,-400 was "on deposit with the circuit clerk", and seeking an order directing the clerk to pay to them, out of said deposit, the amount awarded by the jury ($5,750), together with interest thereon at the legal rate of 6% from the day the property was occupied by the State (March 31, 1958, according to the parties' agreement) to the date of the award by the jury (March 24, 1959).

On June 5, 1959, after a hearing, the trial court "ordered, adjudged and decreed" that the lands be condemned for use as a public highway, directing the circuit clerk to pay to the owners the amount of the award ($5,750) and also the claimed interest thereon (payment of interest, however, to be withheld pending a review of the judgment allowing it).

■ On July 3, 1959, the State appealed from "the judgment of the circuit court of Calhoun County, heretofore rendered in this cause, to the Supreme Court of Alabama." Presumably, it was intended to appeal from the judgment rendered on June 5, and we will so consider it since it is our view that the entry made on March 24 is not such a formal adjudication as will support an appeal (see Dawson v. Campbell, Ala., 120 So.2d 727,[1] and cases there cited) and also because the appeal was taken within 30 days after the June 5th judgment, in accordance with Code 1940, Tit. 19, § 23. We think the June 5th judgment will support the appeal.

The case comes to us on an abridged record by agreement of the parties. The only point presented is whether the trial court erred in adding interest to the jury's award. Our view is that it did.

As we see it, the decisive issue to be resolved is not whether interest was a proper element of compensation, to be considered by the jury, but whether the trial court, in rendering judgment on the jury's award, could add interest thereon. We do not get to the question whether, in an eminent domain proceeding, interest is an element of damages or compensation.

■■ If interest is allowable in such a proceeding, it necessarily would be allowable, in the absence of a specific law providing otherwise, as an element of the damages or compensation to which the property owner is entitled, that is, as part of the "just compensation" which the Alabama Constitution (§§ 23, 235) requires to be paid. See Southern Ry. Co. v. Clark, 220 Ala. 555, 126 So. 855; Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 528, 116 So. 689. What is "just compensation" is determined by the jury (or by the court when a jury trial is not demanded or required) from the evidence, in accordance with such instructions on the applicable law as may be given by the trial court. Section 235 of the Constitution provides that "the amount of damages in all cases of appeals shall on demand of either party, be determined by a jury according to law." In Alabama Power Co. v. Thompson, 250 Ala. 7, 12, 32 So.2d 795, 799, 9 A.L.R.2d 974, it is said that " * * * the amount of damages to be assessed is a question exclusively for the jury", a jury trial having been requested.

■ If it should be thought that interest is a proper element of compensation, the trial court should be requested to so instruct the jury. In that way a clear-cut issue would be presented as to the propriety of the jury considering interest as an element of compensation, thus avoiding any

1. 270 Ala. 586.

doubt as to whether the jury, in any particular case, did or did not include interest in their award.

In view of what has been said, we are at the conclusion that the trial court erred in adding interest to the compensation as fixed by the jury.

The judgment is due to be reversed and the cause remanded to the circuit court for entering of an appropriate judgment.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.