GULF, COLORADO AND SANTA FE RAILWAY COMPANY v. SOUTHWESTERN TELEGRAPH AND TELEPHONE COMPANY.

Decided March 13, 1901.

**1.—Foreign Corporation—Permit—Eminent Domain.**

A foreign corporation which has obtained from the Secretary of State a permit to do business in this State under article 745, Revised Statutes, has the same power to exercise eminent domain as is granted by the law to a similar corporation organized under our law.

**2.—Eminent Domain—Telephone Company.**

Under Revised Statutes, articles 698, 699, 642, a telephone company has the same right to exercise eminent domain as that given by the law to a telegraph company.

**3.—Eminent Domain—Condemnation—Appeal—Deposit of Award.**

Under the Act of April 15, 1899, plaintiff in condemnation proceedings, on appeal by the defendant from the judgment of condemnation, may secure the right to enter on the property, pending the appeal, by making the deposit and bond there required.

**4.—Same—Retroactive Law.**

The Act of April 15, 1899, providing for entry on condemned premises pending an appeal, affects the remedy only, and is not invalid, as applied to proceedings pending when it was enacted, on the ground that it is retroactive and prohibited by the Constitution.

Appeal from Lamar. Tried before Hon. E. S. Chambers.

*H. D. McDonald* and *J. W. Terry,* for appellant.

*McLaurin & Wozencraft,* for appellee.

COLLARD, Associate Justice.—This is a suit by the appellant, the Gulf, Colorado & Santa Fe Railway Company, against the Southwestern Telegraph and Telephone Company for injunction, filed November 28, 1899, to enjoin and restrain the defendant from entering upon plaintiff's right of way to construct a telephone line, pending appeal by plaintiff from the award of commissioners condemning the right of way on plaintiff's right of. way for the purposes of the telephone line between Paris and Ladonia, Texas. The petition shows that prior to the suit defendant had instituted proceedings for condemnation, and commissioners had been appointed for condemnation and returned their award of damages. The petition also shows that the commissioners had made their report to the county judge of the amount of damages assessed by them on the 26th day of June, 1899, assessing and awarding damages for the thirty . miles at $150, and the railway company. appealed July 3, 1899, to the County Court. Defendant deposited $300, double the amount of the award in the County Court of Lamar County, as required by the act of November 23, 1899, paying at the same time all costs of condemnation proceedings up to that date, and at the same time made bond as required by law to pay further costs that might be adjudged against it. The appeal to the County Court is still pending. The petition shows that the railway company appeared before the commissioners of condemnation and made obection to the application for condemnation, and the commissioners afterwards, on the 23d day of June, 1899, heard the application and the objections thereto, condemned for the purpose asked, and made the award of damages.

The petition also avers that any statute of the State which authorizes the entry upon its right of way upon deposit of double the amount of the award of the commissioners is retroactive and contrary to sections 16 and 17 of the State Constitution, and is therefore of no effect. The petition also sets up that it appears from the application to condemn that the telephone company is not incorporated under the laws of this State and not authorized to condemn property for its use; but it is not alleged that defendant is not authorized by the State by permit to do business in the State.

The facts set up are verified by affidavit. Defendant filed general and special exceptions to the petition and a sworn answer setting up that it had a permit from the State to do business therein.

The court sustained special demurrers to the petition for injunction, and plaintiff declining to amend, judgment was rendered dissolving the temporary injunction and dismissing plaintiff's bill, from which plaintiff has. appealed.

*Opinion.*—1. It is settled law in this State that a foreign corpora-

tion created for the purpose of erecting and maintaining telegraph and telephone lines; having obtained from the State a permit to do business, has the right of eminent domain for its right of way, and the court below did not err in sustaining appellee's exception to the petition claiming that appellee had no such power. The sworn answer of defendant, appellee, that it had such a permit, was a complete defense to the averment that it had no authority to do business in this State. The statute, article 745, provides that upon compliance with the law, the Secretary of State shall issue a permit to a foreign corporation to do business in the State and that "such corporation, on obtaining such permit, shall have and enjoy all the rights and privileges conferred by the laws of this State on corporations organized under the laws of this State." So that we conclude that a foreign corporation with a permit to do business in the State is upon the same footing as a corporation created by the Legislature.

We also believe that telephone lines under our statutes have the same right of eminent domain to condemn lands for its use as are granted to telegraph lines. The Supreme Court of this State in the case of Railway v. Telegraph and Telephone Company, 93 Texas, 313, 55 Southwestern Reporter, 117, construing our statutes (Revised Statutes, articles 698, 699, and 642, section 8), maintains the doctrine that the statute authorizing condemnation of land for telegraph lines includes telephone lines.

2. We believe there can be no doubt that after commissioners of condemnation have made their report of award to the county court for damages assessed for property taken, as in this case, paying all accrued costs, and double the amount of damages is deposited in the court and the bond required by statute by the defendant, the company may proceed to construct and operate its lines, notwithstanding an appeal has been taken.

It is provided by act of the Legislature, approved April 15, 1899, the Legislature having adjourned May 27, 1899, that pending litigation in condemnation proceedings the corporation may enter upon the property sought to be condemned after award, if defendant deposit the amount of damages awarded, subject to the order of defendant, paying all costs awarded, and deposit in court a further sum equal to the amount of damages awarded and execute bond to pay further costs that may accrue.

Defendant complied with the act in all particulars on the 23d day of November, 1899, the foregoing act being in full force. This suit for injunction was not brought until November 28, 1899. These facts appearing in plaintiff's petition, the court acting on defendant's demurrer correctly decided that it was shown that defendant had the right to enter upon the right of way of plaintiff for use as a telephone line and that the Act of 1899 controlled the question at issue. Railway v. Telegraph and Telephone Co., 58 S. W. Rep., 152; Odum v. Garner, 86 Texas, 376–378.

The contention that the Act of 1899 applied to the facts of the case

would be retroactive, is not believed to be correct, as will be seen by the authorities last above cited. The statute affected the remedy and acted on the case then pending, nothing appearing in the act excepting proceedings then pending. The appellee by complying with the Act of 1899 could invoke its protection, though the original proceeding was commenced prior to its enactment.

We find no error in the judgment of the lower court, and it is affirmed.

*Affirmed.*

Writ of error refused.