67 So.2d 417

**OPINION OF THE JUSTICES.**
No. 133.

Supreme Court of Alabama.
Oct. 8, 1953.

Inquiry by the Governor.

To the Chief Justice and Associate Justices of the Supreme Court of Alabama

Sirs:

The Legislature has recently enacted, and I have signed, Acts numbered 595 and 758.

I have attached hereto a certified copy of each act.

In accordance with Title 13, Section 34, Code of Alabama 1940, I request your written opinion in respect to each of said acts on the following constitutional questions:

Prior to the effective date of Acts numbered 595 and 758, supra, the City of Montgomery and the County of Montgomery, as applicants in condemnation proceedings to obtain rights of way for public highways, have each brought proceedings in the Probate Court of Montgomery County under the provisions of Title 19, Code of Alabama 1940. Judgment of condemnation has been entered by the probate court and appeals have been taken to the circuit court under the provisions of Title 19, Section 17, Code of Alabama 1940. Damages were not paid into the court, nor a bond in double the amount such damages filed at the time the appeal was taken from the probate court to the circuit court, and more than thirty days have elapsed since the order of condemnation was entered. Under this state of facts, applicants now propose to pay the damages into court and file a bond in double the amount of such damages as provided in Title 19, Section 18, Code of Alabama 1940, and Acts numbered 595 and 758, supra, and enter upon said land under the authority of Acts numbered 595 and 758, supra.

In view of the fact that said acts purport to apply to pending litigation, do said acts violate Sections 95, 235, 22, 23, 6 or 13 of the Constitution of Alabama 1901?

Very respectfully,
Gordon Persons
Governor.

Act No. 595 is as follows:

"Enrolled, An Act, to amend Section 44 of Title 23 of the Code of Alabama 1940.

"Be It Enacted By The Legislature Of Alabama.

"Section 1. That Section 44 of Title 23 of the Code of Alabama 1940, be and the same is hereby amended so as to read as follows:

"Section 44. The boards of revenue, courts of county commissioners, or other like governing body of the several counties of the state are given the right of eminent domain for the purpose of establishing and changing public roads, bridges and ferries in their respective counties, except in cases where the highway department has jurisdiction over such highways. When an appeal is taken from any assessment in a condemnation proceeding brought by a county, such appeal shall not deprive the county obtaining the judgment of condemnation of a right of entry for any and all purposes named in the condemnation proceeding provided the amount of damages assessed shall have been paid into court in money, and a bond shall have been given in not less than double the amount of damages assessed, with good and sufficient sureties to be approved by the clerk of the court to which the appeal is taken, conditioned to pay such damages as the owner of the property may sustain. *Said amount of damages may be paid into court and said bond in double the amount of such damage, with good and sufficient sureties may be given, at the time of taking the appeal or at any time thereafter that the applicant may desire the right of entry pending the appeal.* Provided, however, that in condemnation proceedings in which any county having a population of four hundred thousand inhabitants or more according to the last or any subsequent Federal Census, is a party and where an appeal is taken, such county shall have the immediate right of entry pending said appeal as if a good and sufficient right of entry bond had been filed. (Emphasis supplied.)

"Section 2. All laws or parts of laws in conflict herewith are hereby repealed.

"Section 3. This Act shall become effective upon its passage and approval by the Governor or its otherwise becoming a law, and shall apply to all condemnation cases now pending or hereafter filed."

Act No. 758 is as follows:

"Enrolled, An Act, To amend Section 18 of Title 19 of the Code of Alabama 1940.

"Be It Enacted By The Legislature Of Alabama.

"Section 1. That Section 18 of Title 19 of the Code of Alabama 1940, be and the same is hereby amended so as to read as follows:

"Section 18. Judgment not suspended by appeal if damages paid into court and bond given.—No appeal shall suspend the judgment, or deprive the applicant of the right of entry, provided the amount of the damages assessed for the parties who appeal or against whom an appeal is taken, shall have been paid into court in money, and a bond shall have been given in double the amount of such damage, with good and sufficient sureties, to pay such damages as the property owners may sustain. *Said amount of damages may be paid into court and said bond in double the amount of such damage, with good and sufficient sureties may be given, at the time of taking the appeal or at any time thereafter that the applicant may desire the right of entry pending the appeal.* (Emphasis supplied.)

"Section 2. All laws or parts of laws in conflict herewith are herewith repealed.

"Section 3. This Act shall become effective upon its passage and approval by the Governor or its otherwise becoming a law, and shall apply to all condemnation cases now pending or hereafter filed. Provided, however, that in condemnation proceedings in which any county having a population of four hundred thousand inhabitants or more according to the last or any subsequent Federal Census, is a party and where an appeal is taken, such county shall have the immediate right of entry pending said appeal as if a good and sufficient bond had been filed as described above."

(The italicized provisions of amended § 44, Tit. 23, and § 18, Tit. 19, Code, were added by the 1953 amendments.)

Response.

Honorable Gordon Persons
Governor of Alabama

Dear Sir:

We acknowledge receipt of your communication of September 22, 1953, in which you request our opinion on certain constitutional questions in connection with two recent acts of the 1953 Legislature of Alabama, approved on September 15 and September 17, 1953.

It is our opinion that neither Act No. 595 nor Act No. 758 violates Sections 95, 235, 22, 23, 6 or 13 of the Constitution.

We are concerned here only with the question of the rights of parties to condemnation proceedings, where an appeal to the circuit court from an order of condemnation in the probate court has been perfected and where no right of entry, under the statute, was also perfected at the time of taking the appeal.

It is to be noted that the Constitution of Alabama requires no such election to pay damages and post bond by a condemnor at any particular time, other than it must be done before entry.

Section 235 of the Constitution of 1901 provides as follows:

"Municipal and other corporations and individuals invested with the privilege of taking property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury, or destruction. The legislature is hereby prohibited from denying the right of appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise, *but such appeal shall not deprive those who have obtained the judgment of condemnation from a right of entry, provided the amount of damages assessed shall have been paid into court in money, and a bond shall have been given in not less than double the amount of the damages assesseed, with good and sufficient sureties, to pay such damages as the property owner may sustain*; and the amount of damages in all cases of appeals shall on demand of either party, be determined by a jury according to law." (Emphasis supplied.)

The italicized portion of the above-quoted constitutional provisions was new to the Constitution of 1901 and did not occur in the predecessor of such provisions, Article XIV, Sec. 7, of the Constitution of Alabama of 1875. The added portion above italicized guaranteed to the condemnor a right of entry pending appeal provided damages had been paid into court and bond made. The Constitution does not prescribe the time at which the money must be paid nor the bond

filed, and was clearly enacted for the benefit of the condemnor in order to prevent undue delays attending condemnation proceedings. The only requirement of Sec. 235 of the Constitution concerning the *time* at which damages must be paid into court and bond filed is that such acts must take place before entry. So far as we know, this court has never specifically held that a failure to pay the damages and post the required bond at the time of taking the appeal worked a forfeiture or waiver of the right of entry, provided these conditions were subsequently met. It is obvious that such a holding might result in depriving a condemnor of the right of entry in the case of an appeal by a condemnee.

It is evident that the principal purpose of the addition contained in Sec. 235 of the Constitution of 1901 was to insure that the condemnor would not be delayed in his works during protracted litigation. Prior to the effective date of the Constitution of 1901 and Section 235 thereof, the condemnor could not enter at all pending appeal from the probate court to the circuit court. Southern Railway Co. v. Birmingham, Selma, New Orleans Railway Co., 130 Ala. 660, 31 So. 509. The Constitution of 1901, therefore, remedied this defective procedure and provided that the condemnor could enter pending appeal if an adequate amount of damages were paid into court and a bond filed in double the amount of said damages. The Constitution requires these two things to be done before entry.

By the terms of the two 1953 Acts here involved, the condemnor need not make an election at the time he or the landowner appeals from the judgment of condemnation entered by the probate court. The condemnor, according to the terms of the 1953 Acts, may appeal, and at a later date elect to enter the property and at that time, the time of entry, pay the amount of damages into court and file his bond in double the amount of damages. Sec. 235 of the Constitution is satisfied by such a provision because Sec. 235 of the Constitution of 1901 merely requires payment and bond before entry Other courts almost unanimously uphold the statutes allowing the condemnor a right of entry pending litigation upon the payment

of compensation, or upon the filing of bonds, or both. See Annotations to 55 A.L.R. 201. Statutes providing for the right of entry pending appeal upon the payment of damages or the execution of bond are upheld by the courts upon the theory that when the government or other entity having the right of eminent domain has the damages assessed in a preliminary manner either by viewers or a jury that the only remaining right which is vested in the landowner is the right to receive just compensation and damages. The very essence of the power of eminent domain is the right of the sovereign or its agents to divest the landowner of his property and to take away from the landowner his vested rights to possess the property. On the other hand, the vested right of the landowner is to demand the payment of adequate compensation and damages. It is readily concluded that the 1953 Acts herein discussed do not deprive the landowner of his substantial vested right, his right to receive just compensation and damages prior to entry.

Section 95 of the Constitution of 1901 provides:

"There can be no law of this state impairing the obligation of contracts by destroying or impairing the remedy for their enforcement; and the legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. After suit has been commenced on any cause of action, the legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

When the legislature authorized the condemnor to enter at any time pending appeal from the probate court to the circuit court, upon the payment of damages and the execution of bond, the defendant in pending condemnation proceedings was not deprived of any vested right or of any cause of action or defense within the meaning of Section 95 of the Constitution of 1901.

The object of the amendments here involved was to provide means equitable and just to all parties, whereby a person or corporation entitled to exercise the rights of eminent domain could enter into possession of the property condemned and without be-

ing compelled to await the delay resulting from litigation in cases of appeal from such award of commissioners. These statutes affect the mode of putting the award into effect, and, therefore, only affect the remedy. The courts generally hold that remedies are subject to legislative control, and so long as an ample remedy is furnished, the obligation of contracts is not impaired by any change of the remedy. So long as there remains a right to condemn private property, the substantive rights remain the same and changes in matter of procedure, whether by amendment or new acts, do not affect the substantive right, or perhaps more properly speaking, the right given by a substantive law. It has been expressly held that a statute granting the condemnor the right of entry for the first time pending an appeal is remedial only, and that the Constitution does not prohibit such statutes from applying to pending litigation. Texas Midland Railroad v. Southwestern Telegraph & Telephone Co., 24 Tex.Civ.App. 198, 58 S.W. 152. See also Gulf C. & S. F. Railway Co. v. Southwestern Telegraph & Telephone Co., 25 Tex.Civ.App. 488, 61 S.W. 406; City of Los Angeles v. Oliver, 102 Cal.App. 299, 283 P. 298, and our own case of Grand International Brotherhood of Locomotive Engineers v. Green, 210 Ala. 496, 98. So. 569; City of St. Louis v. Calhoun, 222 Mo. 44, 120 S.W. 1152; Henderson & Nashville R. Co. v. Dickerson, 1856, 17 B.Mon., Ky., 173, 66 Am.Dec. 148.

■ We are clear to the conclusion that the two acts involved do not violate Section 95 of the Constitution of Alabama of 1901.

We think that the foregoing is sufficient to dispose of all questions concerning Sections 22 and 23 and 6 and 13 of the 1901 Constitution of Alabama.

Respectfully submitted,

/s/ J. Ed LIVINGSTON
Chief Justice

/s/ ROBERT T. SIMPSON

/s/ DAVIS F. STAKELY

/s/ JOHN L. GOODWYN

/s/ PELHAM J. MERRILL
Associate Justices