JONES, Justice.
This is a condemnation case pursuant to Alabama’s version of the Uniform Eminent Domain Code (Ala.Code 1975, § 18-1 A-l, et seq.).
The Issue: Whether the trial court erred in holding that a public sale of property by auction pursuant to a mortgage foreclosure was not a “good faith sale of comparable property” and thus was inadmissible as a basis for the opinion of the State’s valuation witness as to the reasonable value of the condemned property.
The Facts: Because our decision to reverse the judgment requires a new trial, we deem it appropriate to set out only so much of the evidence as bears directly on the single issue presented. Suffice it to say that, after the State’s expert witness had filed his initial appraisal report, he discovered that a parcel of property adjacent to the subject property had sold at public auction pursuant to a mortgage foreclosure sale. His amended report, reflecting the recent foreclosure sale, resulted in an increase in his evaluation of the subject property.
The initial report of the State’s appraiser showed no comparable sales within the vicinity of the appellee’s property; thus, reasoned counsel for appellee, even though the amehded report was more favorable to the appellee than the initial report, the amended report (still indicating a value far less than the appellee’s evaluation) was potentially the more credible of the two reports. Therefore, appellee’s counsel made a motion in limine to exclude the introduction of the amended report.
The Decision: Appellee concedes that, ordinarily, evidence of comparable sales, where not too remote in time and place, is admissible. The ground asserted in the motion to exclude, however, was to the effect that the foreclosure sale occurred in an emotionally charged atmosphere; that the “family farm” foreclosure sale drew a sizable audience of protestors sympathizing with the mortgagors in the loss of their land; and that these circumstances produced a hostile climate in which the competitive bidding necessarily resulted in less than a fair market price being paid for the “foreclosed” property.
We agree that the evidence supports the factual contention made the basis of the appellee’s motion to exclude the State’s foreclosure sale evidence. We disagree, however, with the trial court’s conclusion that this evidence forms a legal basis for the exclusion of the State’s evidence. Unquestionably, the appellee’s evidence of the emotionally charged atmosphere of the sale is admissible; and the jury is free to judge the credibility of the State’s evidence in light of the totality of the circumstances of the sale. The State’s evidence, here excluded, is nonetheless admissible as a matter of law. Ala.Code 1975, § 18-1A-196(2); see, also, C. Gamble, McElroy’s Alabama Evidence § 85.03(1) (8d ed. 1977).
Our holding is reinforced by the commentary in § 18-1A-196:
“Previous sales data may be used as the basis of opinion testimony under subdivision (1) only if the transaction was made in good faith. The requirement of ‘good faith’ is believed to be a sufficient safeguard against efforts to manipulate the sales price. The weight to be given the data, of course, will depend upon whether the particular transaction was fully voluntary, not too remote in time, and was made at a price and under cir *926 cumstances which make it a useful criterion of market value on the valuation date_ In cases of doubt as to whether factors of this kind (e.g., remoteness, voluntariness, relevancy to value on valuation date) raise questions of admissibility of the evidence, this subsection takes the position that these factors or elements go to the weight of the evidence and persuasiveness of the data, rather than to admissibility.
[[Image here]]
"... It is intended that broad latitude in admissibility should be given in applying this subsection, since it is believed that errors of admission are less likely to be prejudicial to the interest of justice than errors of exclusion.” (Emphasis added.)
REVERSED AND REMANDED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.