543 So.2d 669 (1989)
STATE of Alabama
v.
James E. McGEE, et al.
87-1071.
Supreme Court of Alabama.
February 3, 1989.
As Modified on Denial of Rehearing April 21, 1989.
James A. Hall of Mountain & Mountain, Tuscaloosa, for appellant.
Christopher Lyle McIlwain of Hubbard, Waldrop, Reynolds, Davis & McIlwain, Tuscaloosa, for appellee.
STEAGALL, Justice.
Appellant, the State of Alabama, contests the amount of interest awarded by the trial court in a condemnation case in which the jury returned a verdict in favor of the landowner.
The facts of this case are not in dispute. On June 13, 1986, condemnation proceedings were instituted on several tracts of private property in Tuscaloosa County. The Probate Court of Tuscaloosa County made a determination that a just and fair compensation for the property involved was $64,900. On August 25, 1986, the State paid that amount into the probate court. Both parties appealed to the circuit court. On April 19, 1988, a jury rendered a verdict finding $85,500 to be a just and fair compensation. Both parties stipulated that the trial court would make determinations and calculations relating to interest and credit called for by the Alabama Code. On April 19, 1988, the trial court entered a final judgment in the amount of $96,702.05 ($85,500 jury verdict and $11,202.05 interest). The State argues that the trial court erred in awarding pre-probate court judgment interest and that no credit was given to the State for the amount of interest earned by the money that had been paid into the probate court as a result of the original probate court award.
The order of the circuit court states in pertinent part:
"That the date of valuation was the date of the taking, June 13, 1986, the date that the Complaint for Condemnation was filed in the Probate Court of Tuscaloosa County, Alabama.
"That on August 25, 1986, the Plaintiff deposited into the Probate Court the sum of $64,900 representing the amount of the Probate Court award to the defendants.
"This sum was invested at interest and is presently in the amount of $69,967.74.
"That on April 19, 1988, the jury in the Circuit Court rendered a verdict in favor of the defendants awarding compensation in the amount of $85,500.
"That on April 18, 1988, the parties stipulated that this Court would make the *670 determinations and calculations relating to interest and credits called for by Ala. Code (1975), Section 18-1A-211 and 18-1A-212.
"That the interest that accumulated between June 13, 1986, and August 25, 1986, the date of the deposit of the $64,900, was $2,052. This amount was calculated by first multiplying the 12 percent per annum interest rate by the total award of $85,500 and then dividing by 365, which produced a per diem interest rate of $28.11. This rate was then multiplied by 73 days, which is the number of days between June 13, 1986, and August 25, 1986. The product of this calculation is $2,052.
"That the interest that accumulated between August 25, 1986, and April 19, 1988, the date of the entry of judgment, is $9,150.05. This amount is calculated by first subtracting the $64,900 paid into the Court from the final award of $85,500, producing the amount of $20,600. The 12 percent per annum interest rate is multiplied by this $20,600 and divided by 365 to produce a per diem interest rate of $6.77. This rate was then multiplied by 603 days, which is the number of days between August 25, 1986, and April 19, 1988. The product of this calculation is $4,082.31. This amount is then added to $5,067.74, which is the interest accruing by virtue of the investment of the deposited $64,900, to produce a total interest since August 25, 1986, of $9,150.05.
"Thus, the total amount of the award in this cause, including interest, is as follows:

 $85,500.00 jury verdict
 2,052.00 1986 interest
 9,150.05 1987-88 interest
 __________
 $96,702.05 total award

"Pursuant to Ala.Code Section 18-1A-212, the plaintiff shall be entitled to credit against this total amount awarded the sum of $64,900 upon payment of the sum of $31,802.05 to the defendants, or to the Court for the benefit of the defendants."
The pertinent statutory provision relating to the computation of interest on compensation awarded in condemnation cases is found at Ala.Code (1975), § 18-1A-211. The right to receive credits on principal paid into the probate court and the interest earned thereon is found in §§ 18-1A-212 and 18-1A-111.
Section 18-1A-211 states:
"(a) Except as provided in subsection (b), the judgment shall include interest at a rate equal to the rate allowed to be charged on money judgments as set forth in section 8-8-10 as amended at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue upon the date of valuation and be calculated to the earlier of the date of deposits into probate court or date of entry of the judgment.
"(b) Except as provided by section 18-1A-111 the judgment may not include any interest upon the amount represented by funds deposited into probate court by the plaintiff for the period after the date of deposit. (Acts 1985, No. 85-548, p. 802, § 1202.)"
Section 18-1A-212 states:
"(a) The judgment shall credit against the total amount awarded to the defendant any payments made before the date of entry of the judgment by plaintiff to the defendant as compensation for the property taken, plus any funds which the defendant withdrew from money deposited by the plaintiff.
"(b) If the amount to be credited against the award under subsection (a) exceeds the total amount awarded, the judgment shall require the defendant to pay the excess to the plaintiff or other person entitled thereto. (Acts 1985, No. 85-548, p. 802, § 1203.)"
Section 18-1A-111 states:
"Upon motion of a party at any time after a deposit has been made, the court shall direct that the money not withdrawn be invested in certificates of deposit of federal and state banks and savings and loan associations, or in treasury bills, notes, or obligations of the federal *671 government or any agency thereof, subject to reasonable terms and conditions. Interest earned or other increments derived from the investment shall be allocated, credited, and disbursed between the parties pro rata, in relation to the final award. (Acts 1985, No. 85-548, p. 802, § 602.)"
Upon reviewing the order of the trial court in calculating the total award, we can find no error. Section 18-1A-211 states that interest shall commence to accrue upon the date of valuation. This Court has held that the valuation date is the date the application to condemn is filed in the probate court. See McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780 (1969). The trial court correctly calculated the amount of interest owed, commencing on June 13, 1986, the date of valuation in this particular case.
The trial court also correctly credited against the total award the sum paid into the probate court pursuant to § 18-1A-212. The trial court erred in adding into the final award the amount representing interest that had been earned on the amount paid in probate court by the State. We, therefore, reverse and remand with instructions to the trial judge to delete from his order the amount of $5,067.74, the interest earned on the amount deposited in probate court.
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

ON APPLICATION FOR REHEARING
STEAGALL, Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.