The State of Alabama filed a complaint for condemnation of certain land owned by James H. Brennan, Jr. The purpose of the condemnation was to increase the State's right-of-way along a thoroughfare in Dothan, Alabama, known as Cottonwood Road. The State sought to condemn a 10-foot strip of Brennan's property adjacent to Cottonwood Road.
The probate court entered a judgment of condemnation and awarded Brennan compensation of $21,000. The State appealed the award to the circuit court, and Brennan filed a counterclaim alleging inverse condemnation. After a trial, the jury returned a verdict setting Brennan's compensation at $26,500. Subsequently, Brennan moved for an award of litigation expenses and for an award of prejudgment interest, and the State moved for a new trial, or in the alternative, to alter, amend, or vacate the judgment or for a remittitur. After a hearing on the motions, the trial court entered a *Page 460 
final judgment denying the State's motion and awarding Brennan the amount of compensation determined by the jury, prejudgment interest thereon, and compensation for litigation expenses. The State appealed.
The State raises three issues in this appeal: (1) whether the trial court erred in denying the State's post-trial motion; (2) whether the trial court erred in awarding Brennan compensation for his litigation expenses; and (3) whether the trial court erred in computing the amount of prejudgment interest due Brennan.
In its brief, the State first argues that the trial court erred in denying the State's motion for new trial, or in the alternative, to alter, amend, or vacate the judgment or to grant a remittitur, because, it argues, the amount of the jury's verdict for Brennan is not supported by the evidence. However, our review of the record reveals sufficient evidence upon which the jury could have based its verdict.
Initially, we note that in condemnation proceedings, the question as to what constitutes just compensation is for the trier of fact to determine in accordance with the trial court's instructions on the applicable law, State v. Jones, 271 Ala. 227, 123 So.2d 107 (1960), and that the conclusion of the trier of fact is entitled to great weight. Florence v. Williams,439 So.2d 83 (Ala. 1983); State v. Central of Georgia R.R., 293 Ala. 675, 309 So.2d 452 (1975).
Furthermore, the trial court's conclusion that an award is not excessive and its overruling of a motion for new trial strengthen the jury's verdict awarding compensation for property taken. State v. Burroughs, 285 Ala. 177, 230 So.2d 235
(1970). Therefore, when a jury in an eminent domain case returns a verdict setting an amount that falls within the range of values set by expert testimony, we will not generally reverse a judgment entered on that verdict on the single ground that the verdict is excessive; we are especially reluctant to do so where the trial court denies a new trial motion that was based on that ground. State v. Shepard, 411 So.2d 132
(Ala. 1982); Dothan-Houston County Airport Authority, Inc. v.Horne, 292 Ala. 273, 292 So.2d 656 (1974).
We also note that § 18-1A-170(b), Ala. Code 1975, provides the rule to be applied in determining the amount of compensation due in cases involving a partial taking:
 "If there is a partial taking, the valuation rule is the difference between the fair market value of the entire property before the taking and the fair market value of the remainder after the taking."
In the present case, the record reveals that B.M. Green, an appraiser who testified for the State, stated that in his opinion the difference in the value of Brennan's property before the condemnation and after the condemnation was $11,900. However, James W. Grant, a real estate appraiser who testified on behalf of Brennan, stated that he conducted two appraisals of the property at issue, one before the taking and a second after the taking. Grant testified that the difference between the two appraisals that he conducted was $24,000.
In addition, Grant testified that after his second appraisal, a concession building located on Brennan's property that was in violation of Dothan's zoning regulations after the State's taking was demolished. The evidence showed that the applicable zoning regulation requires a minimum setback line of 20' and that the concession building on Brennan's property was just over 6' from the right-of-way after the taking. Grant testified that the concession building that was demolished because of its proximity to Cottonwood Highway had a replacement value of $2,500.
The jury could have found that the reduction in the value of the real estate, based on Grant's appraisal of the property after the taking, was $24,000. Adding to that the value of the concession building subsequently lost, which Grant set at $2,500, one gets $26,500, the exact amount of the jury's verdict. The amount of the jury verdict in this case is not greater than the amount of loss to which Grant testified, and Grant's testimony is clearly sufficient to support the jury's verdict. Therefore, we conclude that the trial court correctly denied the State's post-trial motion. *Page 461 
The second issue raised in this appeal is whether the trial court erred in awarding Brennan compensation for his litigation expenses. In its final judgment, the trial court granted Brennan's motion for litigation expenses and awarded him compensation in the amount of $7,000.
Section 18-1A-32 provides a remedy to a landowner facing condemnation if less than all of the property he claims is lost by the condemnation proceedings and provides for the award of litigation expenses if the property owner is forced to bring an action alleging inverse condemnation. Section 18-1A-32 states:
 "(a) If property is to be acquired by a condemnor through the exercise of its power of eminent domain, the condemnor shall commence a condemnation action for that purpose. A condemnor shall not intentionally make it necessary for an owner of property to commence an action, including an action in inverse condemnation, to prove the fact of the taking of his property.
 "(b) The judgment and any settlement in an inverse condemnation action awarding or allowing compensation to the plaintiff for the taking or damaging of property by a condemnor shall include the plaintiff's litigation expenses."
The State argues that Brennan was not entitled to recover litigation expenses in this case because, the State argues, there was no evidence that it intentionally refused to condemn all of Brennan's property and no evidence that the jury awarded damages for any property other than that sought to be condemned by the State. We disagree.
Section 18-1A-28 requires the condemnor, the State in this case, to acquire at least an equal interest in all buildings, structures, or other improvements that will be adversely affected by the use to which the condemned real property will be put. In the present case, the only improvement to the real property acquired or affected by the taking that the State sought to condemn was a sign that was located on the real property taken. However, the record reveals evidence that the State's use of the part of Brennan's real property that was condemned affected other structures and improvements to Brennan's remaining property, particularly the concession building. As noted above, because of the State's taking of real property, the concession building that stood on the remainder of Brennan's property was in violation of the minimum setback requirement contained in the applicable zoning law. Because of this violation, the concession building was removed.
In his answer to the State's condemnation petition in the circuit court, Brennan affirmatively answered that the State had failed to condemn or to seek to acquire all structures or other improvements adversely affected by the State's use of the real property that it was seeking to condemn. Subsequently, when the State failed to amend its complaint, Brennan filed his inverse condemnation counterclaim. Had Brennan not filed his counterclaim seeking compensation by inverse condemnation for the structures and other improvements that the State refused to condemn, he would have been precluded from any recovery for that property by virtue of § 18-1A-31, Ala. Code 1975. Thus, Brennan was compelled to file his inverse condemnation counterclaim or lose his right to be compensated for all of the property adversely affected by the State's condemnation.
Furthermore, the evidence in the record, when viewed in the context of the jury's award in this case, indicates that the jury awarded compensation for buildings, structures, or other improvements affected by the condemnation, but which the State in its petition did not seek to condemn. The record reveals that the State's appraiser did not believe that the concession stand on Brennan's property was affected by the condemnation and, therefore, included in his appraisal no loss of value for the concession stand. However, Brennan, pursuant to his claims of inverse condemnation, presented the testimony of his appraiser, which indicated that the concession stand was, indeed, negatively affected by the State's taking of adjacent real property. The amount of compensation awarded by the jury indicates that the jury considered Brennan's claim of inverse condemnation and awarded damages to Brennan for the concession stand. *Page 462 
The State could have amended its complaint to seek condemnation of all property affected by its taking of real property, thereby precluding the necessity for Brennan's inverse condemnation counterclaim. However, because the State did not seek such condemnation, Brennan was forced to bring his inverse condemnation claim. Therefore, we conclude that Brennan was entitled to an award of his litigation expenses pursuant to § 18-1A-32 and that the trial court correctly awarded Brennan an amount to compensate him for those expenses.
The third issue raised by the State is whether the trial court erred in computing the amount of prejudgment interest due Brennan. Specifically, the State argues that the trial court erred in awarding Brennan interest on the $21,000 that the State had deposited into the probate court.
The record reveals that the valuation date in this case is July 12, 1989, which was the date the petition for condemnation was filed in the Houston Probate Court. See § 18-1A-3(19);McLemore v. Alabama Power Co., 285 Ala. 20, 228 So.2d 780
(1969). On September 19, 1989, the State paid into the probate court the sum of $21,000, which was the amount that the probate court determined was due Brennan. On January 29, 1991, a jury in the circuit court awarded Brennan $26,500. Thereafter, the trial court entered a final judgment, in which it awarded Brennan the compensation as determined by the jury and prejudgment interest in the amount of $4,204.24.
While the trial court, in its order, did not set out the formula that it used in arriving at the amount of prejudgment interest due on the compensation awarded to Brennan, we note that the amount is equal to that contained in a statement of computation of prejudgment interest submitted to the trial court by Brennan. The computations in that statement clearly show that interest was calculated on the $21,000 that the State had deposited into the Houston Probate Court and that it was calculated for the period after that amount was deposited with the probate court.
In State v. Cockrell, 566 So.2d 1282 (Ala. 1989), this Court, citing § 18-1A-211(b), held that a judgment for a property owner in a condemnation proceeding cannot include any interest on the amount of funds deposited by the State into the probate court for the period after the date of the deposit. InCockrell, as in the present case, the State had deposited a sum into the probate court, and interest was computed on that amount after the date of deposit. In remanding the case to the trial court for recomputation of the interest due the landowner, this Court instructed the trial court to reduce the interest portion of the judgment by the amount of 12% interest on the amount deposited from the date of deposit to the date of the verdict.
In view of the directive of § 18-1A-211(b) and this Court's application of that provision in Cockrell, we hold that that portion of the prejudgment interest awarded by the trial court in the present case that is based on interest from the date of deposit to the date of the verdict on the $21,000 that was deposited into the probate court was erroneously included in the prejudgment interest award. Therefore, we reverse that part of the trial court's final judgment awarding prejudgment interest and remand the case for a recomputation of interest due Brennan. On remand, the trial court is directed to compute the amount of prejudgment interest due in accordance with §18-1A-211 and the procedures outlined in Cockrell and in Statev. McGee, 543 So.2d 669 (Ala. 1989).
Specifically, the amount of interest due Brennan for the period between the date of valuation and the date of deposit of the $21,000 into the probate court is to be computed in the following manner: Multiply the amount of compensation awarded by the jury by .12, see § 8-8-10, Ala. Code 1975, and then divide that amount by 365; the result of that calculation is then to be multiplied by the number of days between the date of valuation and the date of deposit of the $21,000 into the probate court. The amount of interest due Brennan for the period between the date of deposit of the $21,000 into the probate court and the date of the verdict awarding compensation *Page 463 
to Brennan should be computed in this manner: Subtract the $21,000 deposited from the amount of compensation awarded by the jury. The result of that calculation should then be multiplied by .12; the result of that computation should be divided by 365; and the result of that computation multiplied by the number of days between the date of deposit and the date of the verdict awarding compensation to Brennan.
When the amount of interest due Brennan for the period between the date of valuation and the date of deposit of the $21,000, and the amount of interest due Brennan for the period between the date of deposit of the $21,000 and the date of the verdict awarding compensation to him are combined, the resulting figure will represent the total amount of prejudgment interest due Brennan.[1]
To sum up, we hold that the judgment of the trial court is due to be affirmed to the extent that it awards Brennan compensation in the amount of $26,500 for the condemnation of his property by the State and to the extent that it awards Brennan $7,000 as compensation for his litigation expenses. However, we hold that that part of the trial court's final judgment awarding prejudgment interest in the amount of $4,204 is due to be reversed. On remand, the trial court is directed to recompute the prejudgment interest properly due Brennan and to enter judgment accordingly.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] While § 18-1A-111 provides that interest actually earned on amounts deposited into court is to be divided between the parties pro rata in relation to the final award, it appears from the record that the $21,000 deposited into the court in this case was not invested in accordance with § 18-1A-111
because neither party made a motion requesting that the funds be invested. However, in the event that the trial court, on remand, determines that that portion of the funds deposited by the State and not withdrawn by Brennan pursuant to § 18-1A-110
was invested in interest-bearing accounts, any interest actually earned on the amount deposited by the State and not withdrawn by Brennan is due to be paid to Brennan, in light of the fact that the entire amount deposited, plus an additional sum of $5,500, was determined by the jury to be due Brennan.See, State v. Cockrell, 566 So.2d 1282 (Ala. 1989).