In August 1988 Alabama Power Company (Alabama Power) filed in the probate court a complaint for condemnation against numerous landowners, including Velpeau Williams, Jr.
In September 1988 the probate court condemned the various parcels to the use of Alabama Power, including the parcel owned by Williams. The probate court also appointed commissioners to assess the damages and compensation due the landowners for the right-of-way sought to be taken by Alabama Power. In October 1988 the commissioners fixed the amount of compensation due Williams at $22,950.
In November 1988 Alabama Power appealed several of the commissioners' findings to the circuit court, including the finding on the Williams parcel. Williams demanded a jury trial.
In December 1988 Alabama Power paid into the probate court $608,759.23, the amount of damages and compensation ascertained and assessed by the commissioners on the various parcels, plus interest.
In April 1989 Alabama Power made a motion to place the funds on deposit in some type of interest-bearing account. The court granted the motion.
In October 1989 the parties filed a motion for partial distribution of the funds paid into the court. The motion requested that the court direct the clerk to distribute to Williams $7,800, which was the original *Page 135 
amount offered to Williams prior to the institution of the present proceedings. The court ordered the funds to be paid to Williams, pending the outcome of the appeal.
The only issue for trial in the circuit court was the amount of just compensation due Williams. On September 29, 1995, a jury determined the "just compensation to be paid by Alabama Power to [Williams] in relation to the easement across his land to be $44,000."
On November 17, 1995, the court entered a judgment on that verdict. The circuit court calculated the interest and the amount due Williams. The order stated the following, in pertinent part:
 "Therefore, the net compensation now due [Williams] is as follows:
 " $44,000.00 — Just compensation as determined by the jury "+$18,349.03 — Interest as calculated above ___________ " $62,349.03
 "-$ 7,800.00 — Withdrawal by [Williams] from funds on deposit "-$21,304.63 — The balance now on deposit which includes the accrued interest ___________ " $33,244.40 — Amount due [Williams] from [Alabama Power]"
Williams filed a motion to alter, amend, or correct the November 17, 1995, order. Williams maintained that the interest due him had been incorrectly calculated. He contended that $39,399.03, not $33,244.40, was the net amount due him.
Alabama Power also filed a motion to alter, amend, or correct the November 17, 1995, order. Alabama Power maintained that the interest "was improperly calculated under [Ala. Code 1975,] § 18-1A-211, as it stood prior to amendment [effective July 28, 1995]."
On February 13, 1996, the circuit court issued an order, which stated the following:
 "Motions to alter or amend the verdict are denied. The court finds the interest it calculated in its order of November 17, 1995, is correct according to the mandates of State v. McGee, 543 So.2d 669 (Ala. 1989).
 "[Williams] overlooks Section (b) of [Ala. Code, 1975] § 18-1A-211, in [his] calculation of interest and attempts to obtain additional interest that McGee does not allow. Also, the court finds that [§]18-1A-211, as amended in 1995 is not applicable to this case."
Thereafter, Williams filed another postjudgment motion, which was denied.
Williams appeals. Alabama Power cross-appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Alabama Power contends that the trial court committed reversible error when it calculated the amount due from Alabama Power to Williams under Ala. Code 1975, § 18-1A-211, as it read prior to the amendment effective July 28, 1995.
The pre-amendment version of § 18-1A-211(a) provided the following:
 "Except as provided in subsection (b), the judgment shall include interest at a rate equal to the rate allowed to be charged on money judgments as set forth in section 8-8-10 as amended at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue upon the date of valuation and be calculated to the earlier of the date of deposits into probate court or date of entry of the judgment."
Section 18-1A-211(a) now reads as follows:
 "Except as provided in subsection (b), the judgment shall include interest at a rate equal to the annual interest rate prevailing on 52-week United States Treasury Bills at the date of the final order in the circuit court upon the unpaid portion of the compensation awarded. The interest shall commence to accrue on the date of entry of the judgment."
As noted above, the 1995 amendment changed both the rate of interest to be awarded on judgments in condemnation proceedings and the time period during which such interest accrues.
Alabama Power maintains that the amended version of § 18-1A211(a) should apply in the present case because, it says, Williams had no vested right to interest until after the *Page 136 
judgment was rendered and because the judgment in Williams's favor was not rendered until after the effective date of the 1995 amendment.
Williams argues that the amended version of § 18-1A-211(a) cannot be retroactively applied to the present condemnation proceeding because, he says, the right to interest is an essential part of "just compensation," which vests at the time of condemnation, and because the condemnation in this case occurred prior to the effective date of the amendment.
As noted above, the trial court determined "that [§]18-1A-211, as amended in 1995 is not applicable to this case."
In Opinion of the Justices, No. 133, 259 Ala. 524,67 So.2d 417 (1953), our supreme court stated that in a condemnation case, the landowner's substantial vested right is to demand and receive just compensation and damages when the landowner has been deprived of his right to use and possess his property.
In Jones v. Casey, 445 So.2d 873 (Ala. 1983), our supreme court considered the question of whether an amendment to Ala. Code 1975, § 8-8-10, which raised the interest rate on judgments from six percent to twelve percent per annum, should apply retroactively. In that case our supreme court determined the following: "[E]xcept where the legislature provides otherwise, a statute changing the legal rate of interest on judgments does not apply retroactively to a judgment pending at the time of its effective date." Jones, 445 So.2d at 875.
Here, it is undisputed that there was no "judgment pending at the time of [the amended statute's] effective date." However, as previously noted, Williams contends that the right to interest is an essential part of "just compensation." To support this contention, Williams relies upon the following language from Jones, 445 So.2d at 875:
 "Although this Court has never expressly characterized the statute which controls the interest rate on judgments as either substantive or remedial, the fact that a similar amendment did not apply retroactively to change the effect of a contract for a different rate, De Moville v. Merchants Farmers Bank, 237 Ala. 347, 186 So. 704
(1939), militates in favor of the view that a change in the interest rate itself impairs a substantial right and thus cannot be characterized as remedial."
In De Moville, 237 Ala. at 354, 186 So. at 710, our supreme court stated the following:
 "We agree with the contention that a stipulation to pay interest means at the then legal rate, if the rate is not otherwise stated. And that a change in the law in that respect does not serve to change the effect of a contract for a different rate, so long as the contract rate is effective."
(Citations omitted.)
In Opinion of the Justices, No. 133, 259 Ala. at 528,67 So.2d at 421, our supreme court stated the following:
 "So long as there remains a right to condemn private property, the substantive rights remain the same and changes in matter of procedure, whether by amendment or new acts, do not affect the substantive right, or perhaps more properly speaking, the right given by a substantive law."
We find that the better view in the present case is that while Williams is entitled to interest on his compensation award, he is not entitled to a certain percentage of interest, a certain method of calculation of the interest, or a certain time period for the accrual of interest. Consequently, as there was no compensation award on which interest could be calculated until after the effective date of the amended statute, the amended statute applies in the present case.
In light of the foregoing, we reverse the judgment of the trial court and remand the matter to the trial court for a recalculation of the amount of interest due Williams under the amended statute.
As the above is dispositive of the present case, discussion of the remaining issues is pretermitted.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status *Page 137 
as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.